Sayre v. Tompkins.

SAYRE, Appellant, v. TOMPKINS, et al., Respondents.

1. There is no equity to restrain by injunction the collection of a school tax, the assessment of which is illegal and void.
2. In order that a neighborhood, situated in two or more townships, may be formed into a separate school district, under section 8 of article 4 of the act of February 24th, 1853, (Sess. Acts, 1853, p. 160,) a majority of the inhabitants of the proposed district should unite in the application to the school commissioner.

*Appeal from Lewis Circuit Court.*

Plaintiff sought in this action to restrain Tompkins, constable, &c., from selling certain personal property of plaintiff un-

der an assessment of a school tax, claimed by plaintiff to have been illegally made and void ; also to restrain the trustees of the school district, who are made parties defendant, from taking any steps against plaintiff to collect the said tax. The cause was tried by the court without a jury, and the injunction was dissolved. The finding of the facts by the court is as follows : " A neighborhood composed of portions of school townships No. 2 and No. 5, on the 25th day of February, 1854, applied to Philip Deinmett, the school commissioner, to be formed into a separate district. Within the metes and bounds of said neighborhood there resided eighty-one qualified voters, of whom nineteen united in making the application. Said commissioner appointed a time and place for holding meetings in each of said townships, and gave notice thereof. Meetings were held in each of said townships, and a majority of the qualified voters, assembled at said meetings, consented to the formation of the proposed district ; that afterwards, to-wit, on the 29th day of July, 1854, at a meeting of the qualified voters of the district, thus formed, a majority of the qualified voters of said district voted to raise the sum of twelve hundred dollars for the purpose of purchasing school-house, &c. ; that the said A. D. Steinmett, J. D. Million, and N. C. Staples, the trustees of said district, on the 31st day of July, 1854, assessed the taxes on the taxable property of the inhabitants of said district, and issued a warrant for the collection thereof, directed to the constable of Dickerson township, and directing said constable to collect the tax so assessed ; that said constable levied said warrant upon the property of the plaintiff, as stated in his bill. Upon the above finding, it is ordered, adjudged and decreed by the court that the injunction in this cause be dissolved," &c.

*T. Polk*, for appellant.

I. The power to levy and collect a tax, as claimed in this case, being derived exclusively from a special statute, that statute, in all its requisitions, must be strictly pursued. (Morton v. Reed, 6 Mo. 64 ; Reed v. Morton, 9 Mo. 868.)

II. In order to form a neighborhood, composed of two or more townships, into a school district, at least a majority of the qualified voters of such neighborhood must make application to the school commissioner of their county for this purpose. (Sess. Acts, 1853, p. 160, art. 4, sec. 8.) But here the court expressly finds that within the metes and bounds of this neighborhood there resided at the time eighty-one qualified voters, of whom, however, only nineteen united in making the application for the establishment of the school district.

III. No legal notice was given for the time and place of meeting for each township composing a part of the proposed district. The finding of the court, in this case, does not show that any such notice as is required was ever given. On the contrary, it shows that the application for the establishment of the new district was presented to the school commissioner on the 24th of February, 1854; but it does not show when or how the notice was served, nor how long before the time fixed for the meeting, nor what time was fixed for the meeting, nor when the meeting was held.

IV. The court below does not find that appellant was an inhabitant of the district, nor that he had any taxable property within said district. And unless such were the case, it was against law to seize upon his property or to issue a warrant against him. (Sess. Acts, 1853, p. 160, sec. 7; id. p. 161, sec. 4.) The finding, therefore, does not embody facts sufficient to support or warrant the judgment.

LEONARD, Judge, delivered the opinion of the court.

The relief here sought was by injunction to restrain the defendant from selling the plaintiff's personal property under an assessment of school taxes, made by the proper school district authorities. This is not a proper case for equitable relief. If the assessment be void, as alleged, it will not protect the officer, nor will a sale divest the plaintiff of his property. The wrong can be fully compensated for at law. It is not in any

sense an irreparable injury, and no reason exists for transferring the jurisdiction over such cases from law to equity. There is as yet no authority of this court, that we are aware of, to warrant this relief, and we are not disposed to make one by sanctioning the present proceeding.

In relation, however, to the merits of the case, as they have been argued in the briefs and the parties may desire our opinion, we remark that, under the then existing law, it was necessary to authorize the formation of a neighborhood into a new school district, that a majority of the inhabitants of the neighborhood should unite in a petition to the commissioner to take the proper steps for its organization. The statute, we think, required the consent of each of the three communities to be affected by the proceeding, and it was not enough that a majority of the inhabitants of the two existing districts consented, but it was also necessary that a majority of the proposed new district should also concur by uniting in the petition to the commissioner for that purpose. If this were otherwise, a majority in each of the existing districts, with the consent of a minority of the proposed district, might constitute a neighborhood into a school district against the wishes of a majority of the neighborhood, which, we think, was not the intention of the legislature.

But the district, although irregularly formed, may perhaps be considered as existing *de facto*, and, if so, the question would be as to the effect of the assessment made under such circumstances. This is a question of some importance in principle, although we presume of no practical importance in the present case, as the parties will most probably remedy the irregularity by new proceedings for that purpose, rather than press the collection of the tax assessed under the present circumstances. Besides, the question has not been raised in the argument of the cause, and we shall therefore refrain from deciding it. We may remark, however, that in New York, in the case of Stevens v. Newcomb, (4 Denio, 438,) it was held that it was not necessary to go through all the steps to show

that the districts had been duly organized, and that it was enough to show that they had *in fact* been organized, and had acted as regular school districts for several years. The judgment is affirmed; Judge Ryland concurring.