## Wheeling.

### TRUSTEES OF CLARKSBURG *vs.* NATHAN GOFF.

#### January Term, 1872.

By the charter of the town of Clarksburg, passed 1849, the authorities were empowered to levy and collect taxes for the use of the town, on such subjects as the Commonwealth then assessed for revenue. But the general law on municipal corporations found in the Code of 1860, chapter 54, section 27, enlarged the powers of corporations previously chartered, of which enlarged powers the authorities might avail themselves, if they thought proper; and therefore, they were not confined alone to the levy and assessment of such subjects as were assessed by the Commonwealth in 1849.

The bill in this case was filed at May rules 1867, in the circuit court of Harrison county. It alleged in substance, that by the act of the Assembly, passed in March 1849, the corporate authorities of Clarksburg, should have power to levy and assess taxes for the purposes of the town, on all property that was then subject to taxation by the Commonwealth. That by the laws of taxation then in force, the purpose of raising revenue for the Commonwealth, the interest and not the principal of all bonds, notes and other securities, was alone taxable, and that the authorities of the town for the year 1866, had assessed a tax upon the principal sum of all bonds, notes, &c. held by residents therein, contrary to the authority of the act of 1849. And in pursuance of such assessment, were about to collect from the plaintiff, a large sum, which was almost wholly the result of a per centage charged upon the principal sum of bonds, notes, &c., held by him. He asked for an injunction against such collection, which was granted.

The cause was heard on the bill and exhibits, and answer of the defendants, at the March term 1870, and the injunction was perpetuated.

The defendants appealed to this court.

*C. L. Lewis* for the appellant.
*Lee* for appellee.

MOORE J.   Upon an appeal from the decree of the circuit
court of Harrison county made in this cause, March 8th 1870,
perpetuating an injunction awarded April 29th 1867. restrain-
ing the collection of the Corporation taxes and levies for the
year 1866, mentioned in the bill.   The General Assembly of
Virginia passed an act, March 15, 1849, entitled " An act to
provide for electing trustees for the town of Clarksburg, in
the county of Harrison, and vesting them with certain corpo-
rate powers."   Acts 1848–9, p. 209, chap. 285.   The first sec-
tion declares that all the free white inhabitants of the town
of Clarksburg, in the county of Harrison, shall be, and are
hereby made and constituted a body politic and corporate, by
the name and style of " *The Trustees and Commonalty of the
Town of Clarksburg*, in the county of Harrison," &c.     The
third section prescribes the manner of electing seven trus-
tees; and the eighth section declares "That the said trustees
thus constituted, shall have power to assess, levy and collect·
an annual tax within the said town, for the purposes before·
mentioned, on all such property as is now subjected to taxa-
tion by the revenue laws of this Commonwealth," &c.   By
said act, the power was expressly limited to an assessment
upon such property as was, at the time of its passage, subject
to taxation by the revenue laws of the Commonwealth.   By
the revenue laws then in force, the interest and profits accrued
from bonds, notes and other securities, when the same exceed-
ed in the aggregate six dollars, were assessed for state taxa-
tion, but not the principal sum of bonds, notes or other secur-
ties.   Acts 1848–9, p, 1.   As the law stood at the passage of
the said chapter 285, Acts 1848–9, the trustees, could not have
assessed the principal sum of said bonds, notes or other se-
curities then exempted by the general law.   But by the en-
largement of the rights and powers of towns in matters of as-
sessment and taxation by the Code of 1860, p. 317, chap. 54
§27, (which is the same provision as the 19th section, chap.
54, Code 1849,) the trustees of Clarksburg had the right, if
they saw fit to do so, to avail themselves of the enlarged pow-
er permitted by the general law.   The said §27, chap. 54, was
not mandatory but permissive, and left it optional with the
towns to adhere to the restrictions of their charters, in such
matters or accept of the enlarged right.   Nor does the said

27th section of the general law conflict with the said 8th section of the charter of Clarksburg, or repeal it. It does not take away any right granted by said 8th section, but permits the trustees to assess other subjects of state taxation, besides those designated in said charter. At the time the levy complained of was made in 1866, bonds, notes and other securities were assessed with state taxes. Code 1860, chapters 35 and 40. I am therefore of the opinion, that the said trustees had the right, under the said general Act, to authorize the assessment and collection of the taxes complained of, and therefore the decree perpetuating the injunction is erroneous, and should be reversed; that said injunction should be dissolved and the bill dismissed with costs.

The other judges concurred.

DECREE REVERSED.