# WHEELING.

## DOUGLASS AND MCKINNEY *v.* THE TOWN OF HARRISVILLE.

### July 17, 1876.

1876.
June Term.

1. The act of the Legislature passed the twenty-sixth day of February, 1869, entitled "An Act to incorporate the town of Harrisville," did incorporate said town by the corporate name of "The town of Harrisville," and the limits of said town are prescribed in the second section of said act, sufficient for identification.

2, It was not necessary for the residents of said town, in order that the town might become a corporation, to obtain a certificate of incorporation under sections two, three, four, five, six, seven, eight, nine, of chapter seventy-four of the Code of West Virginia, as the town, within the limits aforesaid, was already incorporated by said act. But all other parts of said chapter forty-seven, which are applicable to a town incorporated under its provisions, as far as they apply to a town, apply, substantially, to "The town of Harrisville," and such is the manifest intent of the said act. And, it was competent for the resident voters of said town to elect their corporate officers under the provisions of said forty-seventh chapter.

3. The Council of said Town are entitled to exercise all the powers conferred by said forty-seventh chapter, in so far as the provisions of that chapter were, and are, valid.

4. The first section of article eight of the Constitution of 1863, and the first section of article ten of the Constitution of 1872, in so far as they provide that taxation shall be "equal and uniform" throughout the State, and that all property, both real and personal, shall be taxed in proportion to its value, do not apply to counties, cities, towns, and villages.

5. The ninth section of the tenth article of the Constitution of 1872

which is in these words viz: "The Legislature may, by law, authorize the corporate authorities of cities, towns, and villages, for corporate purposes, to assess and collect taxes; but such taxes shall be uniform, with respect to persons and property within the jurisdiction of the authority imposing the same," is addressed to the Legislature, is prospective in its operation, and does not operate *proprio vigore*. It does not operate a repeal of the law in force at the time of its adoption.

1876.
June Term.

Douglass and McKinney
v.
Town of Harrisville.

6. A bill of injunction in equity will not lie to restrain the collection of a tax assessment, or tax made or levied by the council of an incorporated town, on the sole ground that the assessment or tax is illegal. There must exist, in addition, special circumstances, bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the complainant and the like.

Appeal from, and *supersedeas* to, decree of the circuit court of Ritchie, rendered on April 30, 1874, in a suit then pending in said court, wherein William H. Douglass and James McKinney were complainants, and The Town of Harrisville and Daniel S. Bush, Sergeant of said Town, respondents. The appeal was taken by the complainants.

The facts sufficiently appear in the opinion of Haymond, President.

The Hon. James M. Jackson, judge of said court, presided at the hearing below.

*Scott & Cole* for the appellants.

*Robert S. Blair* for the appellees.

HAYMOND, PRESIDENT:

This is a bill of injunction, filed in the circuit court of Ritchie county, against the defendants, to restrain the collection of a sum of money assessed by the Town of Harrisville against the plaintiffs, being the costs of constructing a certain pavement, or sidewalk, on the street, adjacent to a lot of plaintiffs, which pavement the plaintiffs had been previously ordered to make, and notified that, unless they did so within a specified time, it

would be done by the Town at their costs. The bill alleges, in substance, that said assessment is, in fact, a tax, and that it is illegal and unconstitutional ; that the assessment, so made, was placed in the hands of defendant, Bush, acting as town sergeant; that said Bush has levied said assessment on a buggy of plaintiffs, and has advertised the same for sale to pay the assessment, and that the said Bush is insolvent. The bill also claims that the Town was, in fact, never legally incorporated, but it states and refers to the act of the legislature of the twenty-sixth day of February, 1869, which provides " that the place in the county of Ritchie known as The Town of Harrisville is thereby incorporated," subject to the provisions of chapter forty-seven of the Code of West Virginia. It also claims that all the provisions of said chapter forty-seven were never complied with, and that the town, therefore, never became incorporated ; but it alleges that pretended elections have been held, at which the council and other officers were claimed to be elected, and that said officers are acting as council, sergeant, etc., in and for said town, the town, by its corporate name, and as a corporation, and said Bush, are made defendants to the bill, and the bill prays that The Town of Harrisville, and the said D. S. Bush, sergeant of said town, their attorneys, etc., and all persons acting under their authority, may be enjoined and inhibited from selling plaintiffs' property for the said tax or assessment, or from proceeding, in any manner, in collecting the same.

The bill was demurred to, and the demurrer overruled.

The defendants then each answered the bill. A considerable amount of evidence was taken and filed in the cause by plaintiffs and defendants, and, at the hearing, the court dissolved the injunction, and dismissed the bill. From this action of the circuit court, the plaintiffs have obtained an appeal to this Court.

The act of the legislature, passed the twenty-sixth of February, 1869, entitled, "An act to incorporate the

1876.
June Term

Douglass and
McKinney
v
Town of Harris-
ville.

town of Harrisville," did incorporate said town by the corporate name of "The town of Harrisville," and the limits of said town are prescribed in the second section of said act, sufficiently for identification. It was not necessary for the residents of the said town, in order that the town might be a corporation, to obtain a certificate of incorporation, under sections two, three, four, five, six, seven, eight and nine of said chapter forty-seven, as the town, within the limits aforesaid, was already incorporated by the act aforesaid. But all other parts of said chapter forty-seven, which are applicable to a town incorporated, as far as they apply to a town, apply, substantially, to "The Town of Harrisville," and such is the manifest intention of the said act of the Legislature of the twenty-sixth day of February, 1869. And it was competent for the resident voters of said town to elect their corporate officers, under the provisions of said forty-seventh chapter. The council of the town are entitled to exercise all the powers conferred by said forty-seventh chapter, in so far as the provisions of that chapter were, and are, valid and binding under the Constitution of this State of 1863, and the Constitution of 1872.

The first section of article eight of the Constitution of 1863, and the first section of article ten of the Constitution of 1872, in so far as they provide that taxation shall be "equal and uniform" throughout the State, and that all property, both real and personal, shall be taxed in proportion to its value, do not apply to counties, cities, towns and villages. See *Gilkeson v. The Frederick Justices*, 13 Gratt, 577.

The ninth section of the tenth article of the Constitution of 1872 is in these words: "The Legislature may, by law, authorise the corporate authorities of cities, towns, and villages, for corporate purposes, to assess and collect taxes; but such taxes shall be uniform, with respect to persons and property, within the jurisdiction of the authority imposing the same." This section is addressed to the Legislature, and is prospective in its operation,

1876.
June Term.

Douglass and
McKinney
v.
Town of Harris-
ville.

and does not operate *proprio vigore*. It does not operate a repeal of the law in force at the time of its adoption. *Grous v. Slaughter*, 15 Peters, 449; *Slack, etc. v. Maysville and Lexington R. R. Co.*, 13 B. Mon. 1; *Cass v. Dillon*, 2 Ohio St. 607; *Williams v. Mayor, etc., of Detroit*, 2 Mich. 560. This section is materially different in its provisions from the eighth section of the same article, which was considered by this court in the case of *List v. City of Wheeling*, 7 W. Va. 501. Whether the twenty-eighth and thirty-fourth sections of said chapter forty-seven, so far as their provisions apply to this case, were valid, at the time of their enactment, or at the time they took effect, or whether the powers conferred upon the council of a town in relation to sidewalks, etc., under said sections, should be classified as police powers, or as a power to levy and assess taxes, under the view I take of this case, is immaterial, and does not now properly arise for decision. But I am inclined to the opinion that it is a police power, and cannot properly be reckoned as a taxing power. See Cooley on Taxation, page 398. Also the leading case of *Godard, Petitioner*, 16 Pick. 504–509, opinion of Judge Shaw. Also, case of *Norfolk City v. Ellis*, 26 Gratt. 224.

I will proceed to ascertain whether the plaintiffs' case, as it appears, is one proper for the interposition of a court of equity, by injunction. A court of equity will not restrain the collection of an assessment or tax, imposed by an incorporated town, on the sole ground that the tax is illegal. There must exist, in addition, special circumstances, bringing the case under some recognized head of equity jurisdiction, such as that the enforcement of the assessment or tax would lead to a multiplicity of suits, or produce irreparable injury, or, where the property is real estate, throw a cloud upon the title of the plaintiff, or the like. *Dews v. City of Chicago*, 11 Wall. 108; *Heywood v. the City of Buffalo*, 14th N. Y., 534; *Bull v. Read* 13 Gratt, 78; *Dillon on Municipal Corporations vol.*

2, *sections* 727 *and* 737, and *note* 1, *second edition*; *High on Injunctions, section* 71, *and note* 1; *Susquehanna Bank v. The Supervisors of Broome Co.*, 25 N. Y. 312; *Cook County v. the Chicago, Burlington and Quincy Railroad Company*, 35 Ill. 465. In the last named case, the court said it had been unable to find any decision, in its previous adjudications, asserting a right to bring a bill to restrain the collection of a tax illegally assessed, without regard to special circumstances. It concludes an examination of its former decisions, by stating that, while it was considered settled that a court of equity would never entertain a bill to restrain the collection of a tax, except in cases where the tax was unauthorized by law, or where it was assessed upon property not subject to taxation, it had never held that jurisdiction would be taken in these excepted cases, without special circumstances, showing that the collection of the tax would be likely to produce irreparable injury, or cause a multiplicity of suits. Equity generally has not jurisdiction where the party complaining has a plain and adequate remedy in a court of law. Except where the special circumstances present a case proper for the cognizance of a court of equity, the party of whom an illegal tax is collected has, ordinarily, ample remedy. In the case in judgment a " buggy," personal property, has been levied on, to make the assessment, which amounts to $33,62. And it would seem that the personal property so taken is ample to pay the tax, at least it is presumptively. See *Henry v. Gregory* 29 Mich. 68. It is true, it is alleged that Bush, the town sergeant, who made the levy, is insolvent, but it is not pretended that the town is not responsible and solvent, if the assessment is illegal. If the assessment was illegal, the plaintiffs, protesting against its enforcement, might have had their action, after it was paid, against the officer or the town, to recover back the money, or they might have prosecuted either for their damages. No irreparable injury would have followed to them from its collection. Nor would

1876.
June Term.

Douglass and
McKinney
v.
Town of Harris-
ville.

they have been compelled to resort to a multiplicity of suits to determine their rights.—*Dews v. City of Chicago*, 11 Wall. 112.

This court has heretofore considered principles bearing on this case, in cases from the County of Greenbrier against Boards of Education, not yet reported, and following the case of *Bull v. Read* 13 Gratt, and the said case in 11 Wall. In the case of *Kuhn v. the Board of Education of Wellsburg*, 4 W. Va. 490, and the case of *The Trustees of Clarksburg v. Goff*, 5 W. Va. 498, the question of jurisdiction was not raised or made, and was not decided by the court, just as has been the case in a number of other cases, where jurisdiction has been taken, as stated in the opinion of the court in the case cited in 11 Wallace. In the case of *Tappan, collector, v. Merchants' National Bank*, 19 Wall. 490, I presume special cause was shown for the interposition of a court of equity, as the question of jurisdiction was not raised or discussed.

This bill is filed in the name of plaintiffs alone, and not in behalf of any others. If the assessment is illegal, it, and all proceedings under it, are illegal and null, and the town, as well as the officer, is responsible to the plaintiff, for damages in a suit at law. They, plaintiffs, had also a remedy by detinue, under the provisions of chapter one hundred and two of the Code, by which they could have obtained immediate possession of the "buggy," or compelled the officer to give security for its delivery. If the said assessment was illegal, which I do not now determine, plaintiffs evidently had a complete and adequate remedy at law, for redress and relief, without invoking the aid of a court of equity, by the exercise of a process of injunction, and having such remedy they do not present a proper case for the exercise of equity jurisdiction.

There was, therefore, no error in the circuit court dissolving the injunction, and dismissing plaintiffs' bill.

The said decree of the circuit court of the county of

Ritchie, rendered in this cause on the 30th day of April, 1874, must be affirmed with costs to the appellees, and also $30 damages.

Moore and Green, Judges, concurred.

Edmiston, Judge, absent.

DECREE AFFIRMED.

*1876.*
*June Term.*

Douglass and
McKinney
v.
Town of Harris-
ville.