# Selma Building and Loan Association v. Morgan, Tax Collector.

57   33
107  697

1. *Taxes; power of General Assembly to release.*—The General Assembly has full power as against a public officer, and a county, which is its mere creature, to release and remit a tax levied under its authority.

2. *Injunction to restrain collection of tax; when does not lie.*—When there is no equity outside of the illegality of the tax, an injunction will not lie to restrain the collection of the tax and a seizure of personal property to enforce it; the injury is not irremediable, the tax payer having an adequate remedy at law.

APPEAL from Chancery Court of Dallas.
Heard before Hon. CHAS. TURNER.
The opinion states the case.

MORGAN, LAPSLEY & NELSON, for appellant.

PETTUS & DAWSON, *contra.*

MANNING, J.—The bill filed by appellant, a corporation of the State, in the court below, alleges that defendant, as tax collector of Dallas county, in the year 1873, "entered upon the books of the tax collector of said county an assessment of taxes against orator for the years 1869, 1870, 1871, and 1872," and was proceeding to enforce the collection of over $2,600 on account thereof. The assessment was made

as for subjects of taxation, under the head of "solvent credits"—so designated in the revenue law. Complainant insisted that the notes and securities between its stockholders and itself, which were designed to be charged by these proceedings, were not such "solvent credits;" and entered into explanation, sustained by evidence, to show that while the main object of its organization and of the organization of similar companies, was to enable the several stockholders thereof, with the mutual aid of one another, to procure homes, chiefly by building them—which homes were taxable as real estate—the values of them were represented by the notes and securities mentioned, and these were employed as means only for carrying on the arrangements of the company with its members severally, rather than as evidence of indebtedness from them, which they were bound to pay in full. The operations and arrangements of such associations are somewhat complex; but it is unnecessary for us to analyze and examine them with a view to a decision of the cause before us, because our decision will be founded on a different consideration.

Previously to proceeding to make it, however, it is proper to observe that by an act "to release from taxation notes and mortgages given by members of building and loan associations to such associations for advances on stock," approved February 9, 1877, (the present month), it is enacted that in listing and assessing the property of such associations the tax assessor shall not, under the head of "solvent credits," or elsewhere, include the notes and mortgages aforesaid; "and that all claims for such taxes which have been made and have not been collected, are released and remitted."

This act sweeps away all questions in reference to the right of appellee to proceed further in his endeavors to collect the taxes that are the subject of this litigation. The sovereign by whose authority, it was supposed, they were demanded, has pronounced against them. And the only parties concerned in the matter, being on one side a person who is seeking relief from the pursuit and demands of a public officer, and on the other side, the State itself, and a public corporation, (the county), which exists only by and according to its will, the act of the legislative power of the State is decisive.

But we do not reverse the decree in this cause, and order an injunction to restrain appellee, and thus carry into effect the statute referred to, because we hold that in a controversy concerning the payment of taxes and a seizure of personal

[Pinson, Administrator v. Gilbert et al.]

chattels, when there is no ground of equity outside of the illegality of the tax, the injury is not irremediable; the tax payer must seek the redress he may be entitled to in a court of law.—*Mobile Gold Life Insurance Co. v. Lott*, 54 Ala. He may maintain his action to recover back the money, if it is illegally exacted from him, or may sue the collector in trespass for seizing his property to enforce the payment; though we presume no such proceeding will now be necessary.

Let the decree of the chancellor dismissing the bill be affirmed.