# Elyton Land Co. *v.* Ayres.

## *Bill in Equity for Injunction.*

1. *Injunction; when should not be granted.*—A tax-payer cannot, in the absence of some special equity, bringing his case within the recognized jurisdiction of a court of equity, obtain relief by injunction against a tax, State, county or municipal, because of its illegality.

APPEAL from Jefferson Chancery Court.
Heard before Hon. CHARLES TURNER.

[Elyton Land Co. v. Ayres.]

This was a bill filed by the appellant, the Elyton Land Company, against the appellee, Thomas B. Ayres, as tax collector of Jefferson county, and seeks to enjoin him from selling the property of the company, to pay certain taxes which it is alleged are illegal. From the pleadings and proof it appears that the appellant, a domestic corporation, located at Birmingham, owned during the year 1874 real property subject to taxation. This property was situated in and around Birmingham, in Jefferson county, and was returned to and assessed by the tax assessor of that county at $127,-000 00. Afterwards, the company was cited to appear before the board of equalization and show cause why said valuation should not be increased. The corporation appeared and introduced evidence showing that the property was assessed at a fair valuation, but the board, in the absence of any evidence to the contrary, ordered that the assessment of the corporation should be increased by the sum of $44,888. The company paid the taxes on the property at the valuation made by the assessor, and the tax assessor reported the additional assessment as an error, to the court of county commissioners, but that court refused to allow it as such. The board of equalization was abolished March 19th, 1875. The tax collector of Jefferson county was proceeding to sell the property of the company to pay this additional assessment, when it filed this bill to enjoin him. On the hearing, the Chancellor dissolved the temporary injunction which had been granted on the filing of the bill and dismissed the bill as without equity, and the company bring the case here by appeal.

D. S. TROY, and GEO. F. MOORE, for appellant.

HEWITT & WALKER, contra.

BRICKELL, C. J.—The question decisive of this case has recently been fully considered in this court, and we must now regard it as settled. A tax-payer cannot, in the absence of some special equity, bringing his case within the recognized jurisdiction of a court of equity, obtain relief by injunction against a tax, State, county or municipal, because of its illegality.—Cooley on Taxation, 536 ; Mayor, &c. v. Baldwin, 57 Ala. 61 ; Lott v. Gold Life Ins. Co. 54 Ala. 499.

The decree of the Chancellor must be affirmed.