# The City Council of Montgomery *v.* Sayre *et al.*

*Bill in Equity for Injunction of Municipal Tax.* ·

1. *Injunction of illegal tax.*—Tax-payers can not enjoin in equity the collection of a tax alleged to be illegal, unless there is some ground of equitable jurisdiction connected with the illegality.

2. *Same; offer to pay, or to do equity.*—The bill in this case, seeking to enjoin the collection of an alleged illegal municipal tax, is wanting in equity, because it shows that, after deducting the taxes alleged to be illegal, a balance remained of taxes legally due, which had not been paid nor tendered ; nor was it shown that the complainants had made any effort to separate the legal from the illegal portion; nor does the bill contain any tender or offer to pay.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The bill in this case was filed on the 30th March, 1875, by P. D. Sayre and numerous other persons, citizens of Montgomery, tax-payers, and owners of property in said city, against the City Council of Montgomery as a corporation ; and sought to restrain the collection of an alleged illegal tax. The tax sought to be enjoined was levied under a resolution adopted by the city council on the 23d day of November, 1874, as follows :  "*Resolved*, that there shall be levied for the current year, upon the property and other items of taxation in the city, the following taxes, to-wit : a tax of one half of one per-cent. upon the real estate, for the current expenses of the city council; a tax of eleven-sixteenths of one per-cent. upon the real estate and personal property, for the payment of interest upon the bonds issued under authority of an ' act to authorize the city of Montgomery to aid in building and equipping the South and North Alabama railroad from Montgomery to Limekiln,' approved the 7th December, 1866 ; and a tax of one half of one per-cent. upon the real estate and personal property, for the redemption of the certificates of indebtedness issued by the city council, the general revenue of the city being inadequate therefor." The bill alleged, that the bonds in aid of the South and North Alabama railroad were issued without legal authority, and in violation of the special statute under which they purported to be issued; that the certificates of indebtedness were issued in violation of the provisions of the city charter, in several particulars which were specified ;

[City Council of Montgomery v. Sayre.]

and that the property of the several complainants had been levied on, and advertised for sale, for the non-payment of the taxes so assessed. The bill contained, also, the following allegations: "In consequence of the facts and circumstances averred and stated in the foregoing paragraphs of this bill, complainants are unable to ascertain and determine what part or parts of said taxes, so levied by said city council for the year 1874, they are liable to pay ; and they now offer to bring the money into court, and to pay so much and such portion of said taxes as the court may determine to be legal and valid, and that they are liable to pay. And complainants charge, upon information and belief, that said city is indebted to a large amount, and a considerable portion of said indebtedness consists of debts which have been contracted by said city council in violation of the provisions and prohibitions of the charter of the city, and without authority of law ; but complainants are unable to state said debts specifically." The prayer of the bill was, that the collection of the taxes be enjoined until the further order of the court ; that the court "ascertain and determine how much of said taxes is legal, and complainants are bound to pay, and what is the cash value of complainants' property liable to taxation," and for other and further relief.

The chancellor overruled a demurrer to the bill, and, on final hearing on pleadings and proof, rendered a decree for the complainants, perpetually enjoining the collection of any part of the taxes complained of ; and his decree is now assigned as error.

W. A. GUNTER, for the appellant, cited *State Railroad Tax Cases,* 2 Otto, 616 ; *Ala. Gold Life Ins. Co. v. Lott,* 54 Ala. 499 ; *Tallassee Man. Co. v. Spigener,* 49 Ala. 262 ; *Mayor of Mobile v. Baldwin,* 57 Ala. 61.

CLOPTON, HERBERT & CHAMBERS, and J. S. WINTER, *contra.*

PER CURIAM.—It must be regarded as settled, that taxpayers can not resort to a court of equity, to enjoin the collection of a tax claimed to be illegal, unless with the illegality of the tax there is connected some recognized ground of equitable jurisdiction.—*Ala. Gold Life Ins. Co. v. Lott,* 54 Ala. 499 ; *Mayor v. Baldwin,* 57 Ala. 61 ; *Elyton Land Co. v. Ayres,* 62 Ala. 413. The principle is fatal to this bill in any of its aspects.

It is apparent that, if all the objections to the taxes assessed could be sustained, there remains a considerable amount which is justly due, and ought to have been paid.

There is no averment in the bill, that the complainants made any effort to procure a separation of the taxes confessedly legal, from those which are supposed to be illegal ; nor was there any tender of payment ; nor is there in the bill an offer to pay. We quote and adopt the language of the Supreme Court of the United States, in *State Railroad Tax Cases,* 92 U. S. 616 : "Before complainants seek the aid of the court, to be relieved of the excessive tax, they should pay what is due. Before they ask equitable relief, they should do that justice which is necessary to enable the court to hear them. It is a profitable thing for corporations or individuals, whose taxes are very large, to obtain a preliminary injunction as to all of their taxes, contest the case through several years of litigation, and, when in the end it is found that but a small part of the tax should be permanently enjoined, submit to pay the balance. This is not equity. It is in direct violation of the first principles of equity jurisdiction."

If bills of this kind could be entertained, municipal corporations would be placed at the mercy of reluctant and litigious tax-payers, embarrassed in all their operations, and incapable of preserving the peace, order, and proper government of the localities to which their powers extend. On the authority of the cases cited, and of *Winter v. City Council of Montgomery,* at the present term, the decree of the chancellor must be reversed, and a decree here rendered, dissolving the injunction heretofore granted in this cause, and dismissing the original bill. The appellees must pay the costs in the Court of Chancery, to be taxed by the register, and the costs in this court.

STONE, J. not sitting.