# Strenna *v.* City Council of Montgomery.

*Bill in Equity for Injunction against Municipal Authorities, in matter of Sale of Land for Unpaid Tax Assessment.*

1. *Injunction against collection of taxes.*—A court of equity will not, by injunction, interfere with the collection of taxes, unless, in addition to illegality, hardship or irregularity, some recognized ground of equity jurisdiction is shown; nor will it interfere, in any case, on account of the illegality of the tax, mere errors or excess of valuation, hardship or injustice, or other cause which can be redressed at law.

2. *Injunction against action of municipal corporation, in matter of streets and sidewalks.*—The jurisdiction of courts of equity, in restraint of the action of a municipal corporation regulating streets and sidewalks, is exercised with great caution; and the court will hesitate to interfere, in the absence of allegations of irreparable injury, where the effect of the injunction would be to review the action of the municipal corporation, or to control its action in matters resting largely in its discretion.

3. *Same; case at bar.*—The bill in this case was filed by a tax-payer,

owning real estate in the city of Montgomery, which had been taxed with the cost of a concrete pavement abutting it in front, which pavement had been laid by the municipal authorities on default by him after notice, and sought to enjoin a sale of the property under a decree in enforcement of the lien declared by the city ordinances, on account of errors and irregularities in the proceedings; and it was held to have been properly dismissed, because the alleged errors and irregularities were not brought to the notice of the municipal tribunal, where they might have been corrected.

APPEAL from the Chancery Court of Montgomery.

Heard before the Hon. THOS. W. COLEMAN.

The bill in this case was filed on the 30th November, 1888, by Matthew Strenna, against the corporate authorities of the city of Montgomery; and sought to enjoin the sale of a store-house and lot in said city, under a decree rendered by the City Recorder, in enforcement of a lien for the costs of a concrete pavement, which the municipal authorities had laid in front of the property. On final hearing, on pleadings and proof, the chancellor dismissed the bill; and his decree is here assigned as error.

WATTS & SON, for appellant.

JONES & FALKNER, contra.

STONE, C. J.—Following a very strong array of authorities, it has long been settled in this State that equity will not interfere, by injunction, with the collection of taxes, unless, in addition to illegality, hardship or irregularity, the case is brought within some one or more of the recognized heads of equity jurisdiction; and in no case will it interfere for mere errors or excess of valuation, hardship, or injustice of the law, or which can be redressed in a law forum.—*Ala. Gold Life Ins. Co. v. Lott*, 54 Ala. 499. Illegality of the tax, of itself, furnishes no ground for equitable interference. *Elyton Land Co. v. Ayres*, 62 Ala. 413; *Mayor v. Stone*, 57 Ala. 61; Cooley, Taxation (2d Ed.), 760; 2 Dillon on Corp. §§ 906 *et seq.; Mayor v. Meserole*, 26 Wend. 132; *Mooers v. Smedley*, 6 John. Ch. 28; *Heywood v. City of Buffalo*, 14 N. Y. 534; *Susquehanna Bank v. Supervisor*, 25 N. Y. 312; *Douglas v. Town of Harrisville*, 9 West Va. 162; *Chicago B. & Q. v. Siders*, 88 Ill. 320; *Sayre v. Tompkins*, 23 Mo. 443; *Barrow v. Davis*, 46 Mo. 394; *McCormack v. Patchin*, 53 Mo. 33; s. c., 14 Amer. Rep. 440, and note; *McDonald v. Murphree*, 45 Miss. 705; *Cross v. Mayor*, 18 N. J. Eq. 305; 1 Pom. Eq. § 265.

[Strenna v. City Council of Montgomery.]

In 1 High on Injunctions, 2d Ed., § 587, it is said: "The jurisdiction of equity in restraint of the action of municipal corporations in regulating streets and highways, is exercised with much caution, and is not regarded as a favorite jurisdiction with the courts. In the absence of allegations of irreparable injury, equity will hesitate to interfere, where the effect of an injunction would be to review the action of such inferior political tribunals, and thus practically constitute a court of equity a court of errors to sit in review of the proceedings of other tribunals. And with the control of matters resting largely in the discretion of municipal authorities, equity will not ordinarily interfere."

The proceedings necessary to be taken in cases like the present, are all prescribed, either by the statutes, or by ordinances. The ordinances are not charged to have been in excess of the authority conferred on the mayor and aldermen, if the act be constitutional. The sum of the legislation, then, was and is, that after the enactment of the several ordinances, it was declared that within certain defined limits within the city of Montgomery (appellant's property is within those limits), no repairs should be made in any sidewalk-pavement, except with stone, artificial stone, or concrete; that when such paved sidewalks became out of repair, it was made the duty of the owner of the property abutting such sidewalk, to repair the same with materials aforesaid, within ten days after notice to do so; that failing so to repair, the city itself would make the necessary repairs, and tax the same against the owner of the property, which tax was declared to be a lien on the property, in front of which the repairs were made, for the cost of the repairs so assessed as taxes.

In the bill before us it is not denied that all these proceedings were had; but certain alleged irregularities and unauthorized agencies are charged to have occurred, and been employed in each and every step taken. It is admitted that said assessment has never been paid, and it is not averred that it is in excess of the proper and reasonable cost of the repairs.

The assessment not having been paid, proceedings were had to assert the lien and enforce the payment, under the act "to regulate the sale of real estate for unpaid municipal taxes in the city of Montgomery," approved February 17th, 1885.—Sess. Acts, 767. It is not denied that this act was strictly conformed to; and that after thirty days notice given

[Liddell v. Miller.]

as the statute requires, the recorder made an order and decree, directing the lot to be sold in payment of the assessment.   No irregularity is charged in this proceeding, and it is not claimed that any objection was interposed, or defense made to this proceeding.   Nor was any appeal taken or claimed, as provided by the fourth section of that act.

A single exception is urged to the validity of the proceedings before the recorder.   The statute only authorized the sale of real property, when the taxes have been "assessed for municipal purposes;" and it is contended that the present assessment was not for municipal purposes.   We think the interpretation contended for is too technical and narrow. The authority to have the improvement made was manifestly for municipal purposes; and the assessment and collection of the taxes are only instrumentalities for carrying that purpose into effect.

It is objected and urged before us, that proper steps were not taken to ascertain and determine that the pavement or sidewalk needed repairs, and the extent of them; and that the assessment was improperly made by the clerk, instead of the City Council.   Possibly the proper time for raising the question of the necessity for repairs, is within the ten days after notice to the owner to make repairs.—*Intendent v. Pippin*, 31 Ala. 542; *Irwin v. Mayor*, 57 Ala. 6.   But, whether this is so or not, we hold that all the objections which have been urged before us, should have been raised on the trial and proceedings before the recorder; and if necessary, an appeal should have been taken.   The defenses being all legal in form, and the defendant having had ample opportunity to make them, which he neglected to do, he has no standing in a chancery court.—*Headley v. Bell*, 84 Ala. 346, and citations.

Affirmed.