# Town of New Decatur v. Nelson.

### *Bill in Equity to enjoin Collection of Municipal Taxes.*

1. *Injunction of collection of taxes; when granted.*—As a general rule, the collection of taxes will not be restrained by injunction; and to justify the exercise of this extraordinary equitable remedy, there must be, in addition to illegality or irregularity in the imposition of taxes, some special circumstances attending the threatened injury, to bring the case within some recognized head of equity jurisprudence; otherwise the person aggrieved will be left to his remedy at law.

2. *Same; what bill should aver.*—A bill to enjoin the collection of taxes, on the ground of illegality of the assessment, should aver wherein the assessment and the proceedings fell short of legal requirements; and a bill is not sufficient if it simply avers illegality in the assessment and proceedings, without further averring the facts showing such illegality.

3. *Municipal taxes; change of corporate limits.*—Where the corporate limits of a town are changed by· an act of the legislature, approved February of one year—after the ending of the tax year—by which change certain lots are excluded from the corporate limits, the collection of the municipal taxes due on said lots for the preceding year can not be enjoined, although at the time of the collection of such taxes the lots were outside of the corporate limits; because taxes are not assessed and collected during the year they accrue, but in the year succeeding their accrual.

4. *Change of corporate limits; when not void for indefiniteness of description.*—An act of the legislature changing the corporate limits of a town is not void for indefiniteness of the description, when the description, although it gives no government survey numbers, gives the physical starting points, objects, and bearings from which a surveyor can readily trace the boundary lines of the corporation if upon the grounds.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. THOMAS COBBS.

The bill in this cause was filed by the appellee, J. M. Nelson, against the Town of New Decatur; and prayed to have the ˙said respondent perpetually enjoined from selling the lands of the complainant for the payment of certain taxes, which were assessed, as alleged in the bill, without authority of law.

The respondent demurred to the bill and moved to dis-

[Town of New Decatur v. Nelson.]

miss the same for the want of equity, and also moved to dissolve the temporary injunction,. which had been previously issued. Upon the hearing of the cause upon the demurrer and these motions, the chancellor overruled each of them ; and the respondent now brings this appeal, and assigns the decree of the chancellor as error.

W. W. CALLAHAN and E. W. GODBEY, for appellant.— A bill to enjoin the enforcement of an illegal tax bill, presents no ground for equitable relief. The court has no jurisdiction to restrain a town from the collection of taxes illegally assessed.—2 Desty on Taxation, 111 ; Cooley on Tax., 775 ; *City Council v. Sayre*, 65 Ala. 564 ; *Ala. G. L. Ins. Co. v. Lott*, 54 Ala. 499 ; *Elyton Land Co. v. Ayres*, 62 Ala. 413 ; *Mayor v. Baldwin*, 57 Ala. 340 ; 2 Dill. on Corp., 906 ; 92 U. S. 616 ; 18 N. J. Eq. 305 ; *Rea v. Longstreet*, 54 Ala. 291 ; *Smith v. Gilmer*, 93 Ala. 224 ; *Morgan v. Lehman*, 92 Ala. 440 ; *Curry v. Peebles*, 83 Ala. 225 ; *Alexander v. Savage*, 90 Ala. 383 ; 3 Brick. Dig. 355 ; 2 Dill. on Corp., 611 note 1 and 2; *Ewing v. St. Louis*, 5 Wall. 413 ; *Intendant v. Chandler*, 6 Ala. 899 ; *In re Tarlton*, 2 Ala. 35.

Where taxes are levied under a law which is repealed by a subsequent act, unless it clearly appears that the legislature intended the repeal to work retrospectively, it will be assumed that it intended the taxes to be collected according to the law in force when they were levied.— *State v. Sloss*,83 Ala. 93 ; *Appeal Tax Court v. Railroad Co.*, 50 Md. 274 ; *Engelhardt v. The State*, 88 Ala. 100 ; 44 N. J. Eq. 648 ; Cooley on Tax., 295, 292 and note 3 ; *Gardenhire v. Mitchell*, 21 Kan. 83 ; *State v. Waterville Bank*, 68 Me. 515.

The tax is a debt or legal liability.—Acts 1888-89, p. 381, § 9, subdiv. 6; *Winter v. City Council*, 79 Ala. 481 ; *Perry v. Railroad Co.*, 58 Ala. 546 ; 2 Desty on Tax., § 126. If the act attempts to destroy this debt and lien it is unconstitutional.—*Dubuque v. Ill. Cen. R. R. Co.*, 39 Iowa 56 ; *Burlington v. B. & M. R. R. Co.*, 41 Iowa 134, 141 ; *Ind. Dist. Union v. Ind. Dist. Cedar Rapids*, 62 Iowa 616 ; *Appeal Tax Court Balti. v. Western Md R. R. Co.*, 50 Md. 274 ; *State v. Waterville Bank*, 68 Me. 515.

G. A. NELSON and W. A. JOHNSON, *contra*.—The bill shows that the assessment for taxes was made without

[Town of New Decatur v. Nelson.]

the authority of law. Therefore, plaintiff's proper remedy is by injunction restraining the collection of taxes.— High on Injunction, § 485; *Beverly et al. v. Sabin*, 20 Ill. 357; *Ottawa v. Walker*, 21 Ill. 605; Blackwell on Tax Title, 485; *Cowgill v. Long*, 15 Ill. 202; *Cattrell v. Lowry*, 45 Iowa 480; *Sinclair v. Commissioners*, 23 Minn. 404; *Spencer v. Wheaton*, 14 Iowa 38; *Longworthy v. Dubuque*, 13 Iowa 86; *Macklot v. Davenport*, 17 Iowa 391; *Litchfield v. Polk County*, 18 Iowa 70; *Chamberlain v. Burlington*, 19 Iowa 395; *Olmstead v. Supervisors*, 24 Iowa 33.

PER CURIAM.—It is certainly the general rule that the collection of taxes will not be arrested by injunction. It has its reason in public policy, which can not lend its sanction to any remedial proceeding which might clog the machinery of civil administration. In addition to illegality, or irregularity in the imposition of the taxes, or in the process of the collection, to borrow the language of Mr. High, "there must be some special circumstances attending the threatened injury to distinguish it from a mere trespass, and thus to bring the case within some recognized head of equity jurisprudence; otherwise the person aggrieved will be left to his remedy at law."— High on Inj., § 485. *Ala. Gold Life Ins. Co. v. Lott*, 54 Ala. 499; *City Council v. Sayre*, 65 Ala. 564; *Elyton Co. v. Ayres*, 62 Ala. 413; *Nat. Com. Bank v. Mayor*, 62 Ala. 284; *Mayor v. Baldwin*, 57 Ala. 61; Cooley on Taxation, p. 760.

The averments of the bill and its amendments, in which the complainant sets forth his causes of complaint, may be summarized as follows: That in July, 1893, the town of New Decatur assessed and caused to be levied on complainant's lands a certain pretended tax, "and your orator says said defendant corporation had no authority so to levy said alleged taxes against him. * * That said defendant town, without any authority therefor, or any right so to do, and without first having made legal demand for said taxes caused said property to be advertised for sale as delinquent in the payment of said taxes, * * and is threatening and is about to sell said lands for said alleged taxes, * * which taxes your orator alleges and charges were not assessed as the law required, nor as the charter of said town required, in this, to-wit: That a large part of said alleged taxes

[Town of New Decatur v. Nelson.]

is claimed in certain special improvements made in and upon said streets of said city, but not upon any street to which your orator's said land was adjacent or bounding.

"That said alleged taxes are illegal and void as against your orator, for this, to-wit : Your orator's said real property herein described is not now, and has not for a long time been, within the control, jurisdiction and boundary of said town. Reference is had to the act of 1892 and 1893, pages 319 and 320, and orator avers that his said property is west of said Danville road—the corporation line, which is asked to be considered. And complainant avers that the taxes the corporation is about to collect is not for the bonded indebtedness of the city, for which the property may be liable under the amended statute.

"That your orator's said property is not subject to the payment of said tax, for the reason that no legal assessment and levy of taxes thereon has been, or could be made by said town against your orator's said property, and that there is no authority in law for the sale of the said real property for the collection and payment of said alleged taxes, so alleged to be due said defendant town from your orator.

"Your orator charges that said pretended advertisement is insufficient in law to authorize the sale of said described lands, in this, to-wit : Said lands are not properly or sufficiently described, but notwithstanding threaten to sell the same under said advertisement, the same as if it was sufficient ; and a cloud has thereby been placed on your orator's title thereto ; and said sale will be made by said defendant, unless restrained by your honor's order."

We have now copied substantially all the averments of the bill as amended, which tend to give it equity.

The corporation taxes, alleged by the town of New Decatur to be due to it for the year 1892, is the subject of this suit, and the severely contested question is, whether the lots mentioned in the bill are and remain subject to corporation taxation for that year. The lots lie in the western part of the town, as originally incorporated. Under the original act of incorporation, approved February 13, 1889—Sess. Acts, 361—the western boundary of the town is established as follows : "Beginning at the southeast corner of the yards of the South &

North Alabama railroad, about one hundred and fifty feet northwestwardly from the cotton compress lot, thence southwestwardly about five blocks with the present south line of the lands of the Decatur Mineral and Land Company to the center line of Sixth Avenue, west, thence northwestwardly along the center line of said Sixth Avenue, west, about one block to the center line of the old Danville road, thence northwestwardly with the center line of said Danville road to the present south corporate line of the town of Decatur.'' The amendatory act was approved February 8, 1893.—Sess Acts, 319. It changed the western boundary of the town of New Decatur, and enacted ''That the property and territory west and north of the following boundary line of said town, or between said line and the north line of the right-of-way of the Memphis & Charleston railroad shall not be within the corporate limits of said town, to-wit: Beginning at the southwest corner of the yards of the South & North Alabama railroad, about 150 feet northwestwardly from the cotton compress lot, thence southwestwardly about five blocks with the present south line of the lands of the Decatur Mineral and Land Company to the east side of Sixth Avenue, west; thence along the east side of said Sixth Avenue west to the south side of Second Street, north, thence westwardly along the south side of said Second Street, north, to the east or southeast side of the old Danville road; thence along the east, or southeast side of the said old Danville road to the point where it intersects the south boundary line of the corporate limits of the said town of New Decatur.'' There are other provisos, but they do not affect the question we are considering.

It is obvious that this legislative change works a change in the western boundary of the town of New Decatur, and it is reasonably manifest that the effect of this change is to draw in the western boundary of the incorporated town. The quantity and form of the part of the real estate thus excluded from the corporate limits neither the statutes nor the pleadings enable us to determine. It is reasonably shown, however, that an attempt to levy and collect taxes for the year 1892 on lots within the old corporate limits, and outside of the new, gave rise to the present litigation. Let not the true question be lost sight of. The taxes sought to be enforced were for the

year 1892. It is not gainsaid that throughout that entire year the appellee, Nelson, was the owner of the lots upon which the taxes were assessed, and that said lots, throughout that entire year, were within the then corporate limits of the town of New Decatur. Taxes, with us, are not attempted to be assessed or collected during the year in which they accrue. The assessment is made during the early months of the year succeeding their accrual, and the collection later.

It is contended for appellant that the act quoted above, approved February 8, 1893, is unintelligible as to the land intended to be excluded from the old corporate limits, that it is, to that extent, void for uncertainty, and that, consequently, the corporate limits, as established by the older enactment, remain unchanged. As a result of this contention, it is claimed that the lots, the attempt to tax which gave rise to this suit, are still within the corporate limits of New Decatur. This contention is rested on the language of the statute, "That the property and territory west and north of the following boundary line of said town, or between said line and the north line of the right-of-way of the Memphis & Charleston railroad, shall not be within the corporate limits of said town." The statute then describes the new western boundary of the town of New Decatur which it proposed to establish. It gives no government survey numbers, but in stating the beginning of the line, and the various lines and points it must trace and touch, it gives the physical starting point and bearings which, it would seem, must be intelligible to any one examining the grounds. This description of the new western boundary of the incorporated territory, after describing the starting point, has this language: "thence southwestwardly about five blocks with the present south line of the lands of the Decatur Mineral and Land Company to the east side of Sixth Avenue, west," &c.

In the absence of a plat, or fuller description, we are not able to understand the newly established western boundary of New Decatur, or, to what extent it leaves out territory embraced in the older act of incorporation. It refers only to physical objects, which, to be understood, must be seen, or better described. From all that is visible to us, a surveyor could trace the line from the description given. And, deriving our information only

36

from the language of the statute, it would seem that the part of the original corporate territory intended to be excluded by the later enactment, is easily ascertainable. Extending a line due north from the starting point as described in the later statute, and another line due west from the southernmost dip of the new line, would define and declare that all of the corporation's territory falling between those lines was intended to be excluded. But this conclusion is more or less conjectural, for there is not enough shown in the statutes or pleadings to assure us we understood the working of the statutes. There is nothing in this point, as presented.

As we understand this record, the taxes claimed are not based on alleged ownership of the lots in the corporate limits of the town throughout 1893. Such claim could not be asserted until the end of that year. The claim is predicated of Mr. Nelson's ownership in 1892, and up to February 8th, 1893. Taxes, with us, are assessed early in the year, and should, at least, embrace all property and subjects of taxation owned and enjoyed during the preceding year, and on January 1st of the year of the assessment. They can not be assessed as of the current year, for that can not, as a rule, be known. It is just being entered upon.

It is not denied that Mr. Nelson owned the property in 1892, and that during that entire year, and until February 8th, 1893, the lots were within the corporate limits of New Decatur. For this, and this only, were they sought to be taxed. They enjoyed municipal protection during the entire year 1892, and until the change of boundary. Having enjoyed municipal protection, shall not the property be assessed for the support of that municipality? The property in this case was subject to assessment when the tax year commenced, and we need not declare what would have been the rule, if the change of boundary had taken place before January 1st, 1893. That case is not before us.

The averments of the bill in this case are too general and indefinite, even if it otherwise contained equity. It should have averred wherein the assessment and proceedings under it fell short of legal requirements. The statements are not specific enough.

One averment in the bill is: "That a large part of said alleged taxes is claimed in certain special improve-

[Kuhl v. Long *et al.*]

ments made in and upon said streets of said city, but not upon any street upon which your orator's said land was adjacent or bounding." We suppose this complaint is rested on subdivision 81 of section 7 of the act approved February 13th, 1889, which empowers the corporation to levy and assess taxes on property adjacent to streets, for the purpose of improving such streets—Sess. Acts, 378. This averment, like the others, is general and indefinite; but there is a graver objection to it. The town authorities, in levying and assessing the taxes, were not restricted to the limited power found in subsection 81, to which we have referred. In the general grant of powers to the mayor and aldermen, we find these clauses in section 7: Subdiv. 3. "To levy and collect taxes for general and special purposes on real and personal property." Subdiv. 16. "To assess, levy and collect annually a tax for general and special purposes on real and personal property, not exceeding one-half of one per cent. on the value thereof, as assessed for State taxation during the preceding year." There is nothing in this objection.

It will be noted in what we have said that the bill is without equity, and we are at a loss to perceive how it can be amended so as to give it equity. Still we will not announce the decree here.

Reversed and remanded.

The foregoing opinion, with the exception of the first paragraph, was prepared by the late Chief Justice; and is adopted as the opinion of the court.