### G. W. BARROW *et al.*, Appellants, *v.* JOHN W. DAVIS *et al.*, Respondents.

1. *Revenue — School taxes, collection of — Injunction to restrain, contains no equity.* — A bill for injunction to restrain a county collector from collecting school taxes alleged to have been irregularly and fraudulently levied, contains no equity, and should be dismissed. If the assessment be void it will not protect the officer, nor will a sale under it divest the plaintiff of his property. The wrong can be fully compensated, and the injury is not in any sense irreparable.

#### *Appeal from Fourth District Court.*

*Barrows, pro se,* cited 13 Johns. 444; 7 Wend. 89; 16 Wend. 607; 1 Paige, 90; 1 Johns. Ch. 131; 1 Barb. Ch. 189; 4 Johns. Ch. 339, 556, and authorities cited; 3 Sandf. 463; 4 Paige, 399; 2 Paige, 509; 2 Seld. 147; 1 Paige, 333; 1 Johns. Ch. 28; 6 Paige, 83; 17 Johns. 388; 9 Mo. 273, 336; 13 Mo. 321; 22 Mo. 90; 23 Mo. 443; 24 Mo. 20.

Respondent filed no brief.

WAGNER, Judge, delivered the opinion of the court.

Plaintiffs filed their bill in the Macon County Circuit Court, praying for an injunction to restrain Forbes, the collector of the revenue, from the collection of certain school taxes which they alleged were irregularly and fraudulently levied. The court dismissed the bill as containing no equity, and its judgment was affirmed in the District Court.

In a case entirely similar in this court, it was said: "This is not a proper case for equitable relief. If the assessment be void, as alleged, it will not protect the officer, nor will a sale divest the

plaintiff of his property.   The wrong can be fully compensated for at law.   It is not in any sense an irreparable injury, and no reason exists for transferring the jurisdiction over such cases from law to equity.   There is as yet no authority of this court, that we are aware of, to warrant this relief, and we are not disposed to make one by sanctioning the present proceeding.'' (Per Leonard, J., in Sayre v. Tompkins, 23 Mo. 443.)

Let the judgment be affirmed.   The other judges concur.