WILLIAM HOPKINS, Plaintiff in Error, *v.* MILTON LOVELL *et al.*, Defendants in Error.

1. *Injunction — Remedy resorted to, when.*—Where perfect remedy exists at law, resort should not be had to injunction.

### *rror to Sixth District Court.*

*E. A. Lewis, F. T. Williams,* and *Hill & Jewett,* for plaintiff in error.

*McKee,* and *Henderson & Hayden,* and *J. D. S. Dryden,* and *Sharp & Broadhead,* for defendants in error.

This was a bill for an injunction brought against the County Court of Lincoln county to restrain the issue of the county bonds designed to be given for the purchase of the capital stock of the St. Louis and Keokuk Railroad Company. The court appointed A. H. Martin an agent for the county to confer with the directors of the company to secure the location of the railroad, and to order the issue of the bonds and pay them over in such sum or sums as he might think proper.

WAGNER, Judge, delivered the opinion of the court.

It is obvious that the judgment in this case must be affirmed. The petition utterly fails to show any such facts as would entitle the plaintiff to relief by injunction. The only plausible pretext embodied in the bill for equitable interposition was to restrain Martin from negotiating the bonds, and the writ has been voluntarily dismissed as to him.

The prayer to enjoin Ingram and Wilson from executing the bonds is futile, as it nowhere appears that they had any authority, that they acted in an official capacity, or that the bonds, if signed

and executed by them, would bind anybody. The claim to prohibit Woolfolk from collecting the tax bill rests on no better foundation. It is not shown by what authority he pretended to act, or whether by any authority; nor is there any allegation as to his insolvency, so as to render an action at law against him ineffectual. Again, if the whole subscription was void, as is alleged, still injunction against him was not the proper remedy. In either of the above-indicated events he was a mere trespasser, and a perfect remedy against him existed at law. Parties must be fond of paying costs when they come into this court with such a record.

Judgment affirmed. The other judges concur.