B. F. McPike et al., Appellants, v. R. C. Pew et al., Respondents.

1. *Injunction — County collector — Void levy — Trespass.*—A collector cannot be enjoined from enforcing the collection of a tax on a void levy. In such case the officer would be a mere trespasser, and the injured party would have an ample remedy at law.

*Appeal from Louisiana Court of Common Pleas.*

*Fagg* and *Dyer*, for appellants.

*Caldwell*, *Biggs* and *Robinson*, for respondents.

CURRIER, Judge, delivered the opinion of the court.

The plaintiff instituted these proceedings to enjoin the collection of a special tax levied by the County Court of Pike county. They aver in their petition that the levy was "wholly unauthorized and void." This averment states the case out of court, for if the levy was void, it clothed no one with even a color of right to enforce the collection of the tax. An officer seizing property under such void tax levy would be a mere trespasser, and the injured party would have an ample remedy at law. The remedy by injunction is not applicable to the facts stated in the petition. (Sayre v. Tompkins, 23 Mo. 443; Barrow v. Davis, 46 Mo. 394; Hopkins v. Lovell, 47 Mo. 102.)

Judgment affirmed. The other judges concur.