EWING et al., Plaintiffs in Error, v. THE BOARD OF EDUCATION OF JEFFERSON CITY.

1. **Injunction against Illegal Taxation**: PRACTICE. The remedy by injunction in the name of the State does not lie against a board of education to prevent the collection of a tax levied by the board, the validity of which is disputed on the ground that the board has no corporate existence, nor to prevent the collection of one which has been extended on the tax books and placed in the hands of the collector. The remedy in the latter case is injunction in the name of the taxpayer against the collector.

2. **Schools**: ORGANIZATION OF CITIES INTO SCHOOL DISTRICTS: SCHOOL TAXES. The fact that the citizens of an incorporated city had once voted down a proposition to organize their city into a separate school district under chapter 47, General Statutes 1865, page 274, was no legal obstacle to its subsequent organization in pursuance of a vote taken at a second election; but when so organized the district had

no power to levy school taxes on lands not lying within the corporate limits of the city and not attached to it for school purposes.

*Error to Cole Circuit Court.*—HON. GEO. W. MILLER, Judge.

AFFIRMED.

*Edwards & Son* and *J. L. Smith* for plaintiffs in error.

1. The city was never legally organized into a school district under the school law of 1865, because, when a vote was taken on the adoption of the law, and making said city one school district, in 1866, and the same was voted down, all power to adopt said law in said city was exhausted, and it could not afterward be adopted, even if the law had been fully complied with in every other particular.

2. Even conceding its legal organization, the property mentioned in plaintiffs' petition was not within the corporate limits of said city when the pretended organization was effected, and has not been added to it since.

3. Of the remedy by injunction. *McPike v. Pen*, 51 Mo. 63; *Lockwood v. St. Louis*, 24 Mo. 20; *Fowler v. St. Joseph*, 37 Mo. 228; *Leslie v. St. Louis*, 47 Mo. 474; *Matthis v. Cameron*, 62 Mo. 504; *State v. Saline Co. Ct.*, 51 Mo. 350; *Newmeyer v. M. & M. R. R. Co.*, 52 Mo. 81; *Overall v. Ruenzi*, 67 Mo. 203; *Ranney v. Bader*, 67 Mo. 476; *Rubey v. Shain*, 54 Mo. 207.

*Belch & Silver* for defendant in error.

There is an improper joinder of causes of action, in that a cause of action at law for the usurpation of a corporate franchise against the Board of Education of the City of Jefferson, one of the defendants, is joined with a proceeding in equity against all the defendants to restrain the collection of the taxes. The legal existence of the corporation can be tested only at law by a proceeding in *quo warranto*, which ousts all equitable jurisdiction. High on Extra. Rem., §§ 619, 641; *Renwick v. Hall*, 84 Ill. 162; *Up-*

*degraff v. Crans*, 47 Pa. St. 103; *Atty. Gen. v. Ins. Co.*, 2 John. Ch. 371; *Cochran v. McCleary*, 22 Iowa 86; *Kayser v. Bremen*, 16 Mo. 90.

There is no practice which authorizes the joinder of an injunction against the collector and county clerk with a *quo warranto* against the school board. Causes of action to be united must affect all the parties to the action. R. S., § 3512; *Stalcup v. Garner*, 26 Mo. 72.

The petition alleges that the clerk had acted before the petition was filed.

A proceeding to test the legality of a corporation is by *quo warranto* alone, and no injunction will lie in its stead or in conjunction with it against those guilty of the corporate usurpation. 47 Pa. St. 103; *State v. McReynolds*, 61 Mo. 203. How then can injunction be granted in conjunction with it against other parties than the usurping ones? Neither the statute nor the practice authorizes the union of a *quo warranto* with any thing else.

The second election was not a nullity. The intention of the law must have been to permit cities, towns and villages to organize whenever the people should vote in favor of it. It could not have been contemplated that one election should settle the question for all time. There might be very good reasons for rejecting the law at one time, and equally potent ones for accepting it at another. *Soc. Sav. Bk. v. New London*, 29 Conn. 174.

HOUGH, J.—This is a petition in the name of the State at the relation of the Prosecuting Attorney of Cole county, to the use of H. Clay Ewing, J. L. Smith and E. L. Edwards, and all others having a like interest in the suit, against the Board of Education of the City of Jefferson, Peter Meyers, as sheriff and collector of the State and school revenue of Cole county, and G. A. Parsons, clerk of the county court of said county, the object of which is to restrain the collection of certain taxes for school pur-

poses, alleged to have been illegally assessed against said Ewing, Smith and Edwards.

The petition sets forth the act of the legislature incor-' porating the City of Jefferson and the various acts defining its boundaries, and alleges in substance, that in September, 1867, said city assumed the right to organize itself into a separate school district in pursuance of the provisions of chapter 47 of the General Statutes of 1865, but that as the electors of said city had, on a former occasion, declined to organize under said charter, they had no legal authority to hold a second election for the purpose of forming a separate school district under said act, and that the pretended organization in 1867, was, therefore, illegal and void. The petition further alleges that the Board of Education of said City of Jefferson illegally directed the clerk of the county court to extend the tax levied for the support of its schools on certain real and personal property of the above named persons to whose use this suit is brought, for the years 1875, 1876, and 1877; that said tax has been extended by said clerk on his tax book; that said clerk has placed said tax book for said years in the hands of Peter Meyers, the collector, and that said collector threatens to levy and sell said property to satisfy said taxes; that said Board of Education, having no legal existence, could not lawfully direct the levy of any taxes whatever for school purposes, and that the property sought to be charged with the taxes complained of, is not within the corporate limits of said City of Jefferson, and no territory outside of said city has ever been attached thereto for school purposes. The prayer of the petition is, that the organization of the City of Jefferson into a separate school district, be declared to be null and void; that it be adjudged that the Board of Education of said city has no power to designate the property to be assessed by the county clerk for school purposes; that said clerk had no authority in law for placing the property mentioned on the tax list for school purposes; that the collector has no authority to collect the taxes complained

of, and that all of the defendants be perpetually enjoined from collecting said taxes.

To this petition the defendants demurred, on the ground that there was a misjoinder of causes of action; that several distinct causes of action were improperly united in a single count, and that the petition did not state facts sufficient to constitute a cause of action. The circuit court sustained the demurrer and dismissed the bill.

The petition in this case does not seem to have been framed with due regard for the legal principles applicable to the relief sought. The primary object of the petition is to restrain the collection of certain taxes assessed against H. Clay Ewing, J. L. Smith and E. L. Edwards, to whose use the suit is brought, although a decree is also asked, declaring that the Board of Education of the City of Jefferson has no corporate existence. Undoubtedly the State may, through its prosecuting officer, interfere to restrain by injunction a public corporation from misusing the powers which have been granted to it, or from usurping powers which have not been granted. *State ex rel. Circuit Attorney v. Saline Co. Ct.*, 51 Mo. 350. But in such case the corporation proceeded against is supposed to have a legal existence, and the act complained of must be one which has not been consummated. Here, not only is the corporate existence itself of the Board of Education assailed on the ground that it was illegally organized, but the injurious action of the board against which relief is sought, is not merely threatened, but is "fully had and consummated." Injunction at the suit of the State is not the proper remedy in such a case.

On the facts stated in the petition, we are of opinion that the organization of the City of Jefferson into a separate school district in 1867, was legal, but that the property sought to be charged with the tax complained of, is without the limits of said district, and not subject to taxation for the sup-

1. INJUNCTION AGAINST ILLEGAL TAXATION: practice.

2. SCHOOLS: organization of cities into school districts: school taxes.

port of the schools in said district. If the facts alleged as to the location of the property in question, cannot be successfully controverted, the persons to whose use this suit is bought would be entitled, on a petition properly setting them forth, to an injunction restraining the collector from collecting the taxes assessed against them on said property. In such a suit, however, the State would neither be a necessary nor a proper party. *Newmeyer v. Railroad Co.*, 52 Mo. 81; *Overall v. Ruenzi*, 67 Mo. 203. The demurrer to the petition was properly sustained, and the judgment of the court dismissing the bill is affirmed. The other judges concur, except HENRY J. who did not sit.