F. L. WINKLER *et al.*, Respondents, v. JOHN HALSTEAD, Mayor, *et al.*, Appellants.

### St. Louis Court of Appeals, April 16, 1889.

**Injunction :** ILLEGAL ASSESSMENTS. A petition charging that the defendants, as officers of a "pretended" municipal corporation, have assessed certain taxes which are "attempted to be levied upon the real and personal property" of the petitioners, and that no ordinance of said pretended corporation was ever passed authorizing the levy and collection of said taxes, shows a ground for relief by injunction.

*Appeal from the Howell Circuit Court.*—HON. J. F. HALE, Judge.

AFFIRMED.

*A. H. Livingston* and *J. H. Winningham*, for the appellants.

The court erred in overruling appellants' demurrer and motion to dismiss the respondents' bill. There are no facts stated in the petition that would warrant equitable interposition. If the facts stated are true, plaintiffs had an adequate legal remedy at law. An injunction will not lie in this case. The property sought to be taxed is subject to taxation, and the tax is authorized by law. In case of *Lester v. City of St. Louis*, 47 Mo. 474, Judge WAGNER uses this language : " Courts of equity never allow relief by injunction to prevent the sale of personal property, but where real property is about to be sold by a municipal corporation for the payment of taxes or assessment, equity will interpose. The distinction lies in the fact that in the one case a full and complete remedy is furnished at law, while in the other a cloud is about to be cast over a land title, and the court interferes to prevent it. *Burrow v. Davis*, 46 Mo. 394 ; *McPike v. Pew*, 48 Mo. 525 ; *State v. Court*, 51 Mo. 368 and 369. The temporary order of injunction was granted by the court, on the bare statements in the petition, without the same being, in any manner, verified or sworn to, and as the bill of exceptions shows, without even the hearing or introduction of any verbal or documentary evidence. The petition should have been dismissed and the temporary writ dissolved on appellants' motion. High on Inj. [ 1 Ed.] secs 37, 929, 984, 987 and 1017 ; Whittelsey's Prac., p. 157, sec. 136 ; Whittelsey's Prac., p. 82, sec. 64 ; Green & Myers Mo. Plead. and Prac., p. 218, sec. 569, and p. 219, sec. 571.

THOMPSON, J., delivered the opinion of the court.

A large number of persons filed a petition in the circuit court of Howell county, alleging that they "reside and do business within the territory embraced in the limits of the pretended corporation known as the city of West Plains, in Howell county, Missouri." Without quoting the language of their petition, it is enough to say that they state, in substance, that there appears upon the tax book of the city of West Plains in the hands of one W. L. Brown, acting as city clerk, an assessment of taxes against the *real* and *personal* property of the respective plaintiffs, in certain amounts which are particularly stated opposite the name of each plaintiff. The petition alleges, among other things, that these taxes are "attempted to be levied upon the *real* and *personal* property of these petitioners." It also alleges that no ordinance of the said pretended corporation was ever passed authorizing the levy and collection of this tax. The petition contains several other allegations which need not be recited. When originally filed, the petition was not sworn to. The court granted a temporary restraining order on an inspection of the petition, as it would seem; and thereafter a motion was filed to dismiss the petition and dissolve the temporary injunction, for certain reasons, the substance of which was that it did not state facts showing a cause of action and also for the same reason that the petition was not sworn to, as required by law. Thereafter the court allowed one of the plaintiffs to swear to the petition, and then overruled the motion to dismiss; and, the defendants electing to stand on their so-called demurrer, the court entered a final decree, reciting the overruling of the demurrer, and finding a number of facts, all of which are stated in the petition, and then making the injunction perpetual.

The defendants, appealing, base their principal argument in opposition to the ruling of the circuit court

on the ground that an injunction will not be granted in this state to restrain a sale of *personal property* for taxes. It has been so ruled in several cases in this state, and on the ground that the plaintiff has an adequate remedy at law. The distinction which runs through these cases is this: If the plaintiff has real property which the collector threatens to sell for the illegal taxes, the sale may be enjoined on the ground that it would cast a cloud on his title; but if the proceeding is against personal property merely, it will not be enjoined, for as to that the plaintiff has an adequate remedy at law. *Lockwood v. St. Louis*, 24 Mo. 20; *Fowler v. St. Joseph*, 37 Mo. 228, 240; *Leslie v. St. Louis*, 47 Mo. 474, 479; *State v. Court*, 51 Mo. 350, 369; *Mechanics' Bank v. City of Kansas*, 73 Mo. 555, 559. The later case of *Valle v. Ziegler*, 84 Mo. 214, shows that an injunction will be granted to restrain the enforcement of an illegal tax, even as against personal property. In that case the tax was laid upon certain bonds owned by the plaintiff, and could not, under the statutes relating to the collection of revenue, have been enforced against his land. In other cases relief by injunction has been accorded, apparently without taking any distinction with reference to whether it was threatened to enforce the tax against real or personal property. *Overall v. Ruenzi*, 67 Mo. 203, where it is said that the supreme court has of late years been disposed to favor the preventive remedies. See also *Arnold v. Hawkins*, 95 Mo. 569; *Ewing v. Board of Education*, 72 Mo. 436. But this question is not material to the decision of the present case; for here the petition alleges that the proceeding is against the real and personal property of the plaintiffs and therefore this assignment of error is not tenable.

Looking, then, at the petition, it is to be observed that it is indefinite in that it fails to state whether or not the city of West Plains is organized under a special charter, or whether it is organized under the general

law, or whether it is a city of the first, second, third or fourth class. In the place of this, the plaintiffs elect to call it a "pretended corporation," from which we infer that they do not admit its corporate existence at all.

The petition then alleges that no ordinance was ever passed authorizing the tax which is attempted to be collected. This allegation, if true, shows that the tax is illegal, and that if the real estate of the plaintiffs were sold for the taxes it would cast a cloud upon their respective titles. There is no statute relating to a city of either class, in this state, which authorizes a tax to be levied for municipal purposes otherwise than by an ordinance regularly passed ; and we are not aware of any special charter that confers power to levy a tax in any other or different mode. It therefore seems clear that, upon this ground alone, the petition, though possibly informal, shows a ground of relief by injunction.

The judgment will be affirmed. All the judges concur.