162    409
e168  1391
e168  2396

# KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant, v. CHAPIN, Collector.

### Division One, May 14, 1901.

1. **School Taxes:** LEVY ABOVE FORTY CENTS: ESTIMATE: VOTE OF TAXPAYERS. Unless the estimate which the school boards are required by law to file in the office of the county clerk show that the annual rate of taxes for school purposes above forty cents in districts other than village schools was authorized by a vote of the taxpayers, the county clerk has no authority to "assess and carry out" such increase as a tax upon the citizen's property, and, in the absence of such recital in the estimates, to the extent of the excess such taxes are void.

2. ———: ———: SINKING FUND: ESTIMATES. The "sinking fund tax" and the "interest fund tax," authorized by the statute to be made by the school board for paying existing indebtedness, do not need to be authorized by a vote of the taxpayers. They may be valid without such approval. The statute directing these taxes "to be levied and collected in the same manner as other taxes for school purposes" is not to be construed as a limitation upon the power to levy and collect the tax, but simply as prescribing a mode by which the power is to be exercised. Such holding is not obnoxious to section 11, article 10, of the Constitution, requiring school taxes in excess of forty cents on the hundred dollars valuation to be voted. That requirement refers to "the annual rate for school purposes," but says nothing in regard to the rate to pay an existing indebtedness.

3. ———: ———: ———: ESTIMATES: ORDER. The statute does not require the certified estimates for sinking and interest fund taxes to contain a recital that a levy of such taxes was authorized by order of the board. All it requires of them is to make an estimate for such levy, which, when forwarded to the clerk as provided by law, constitutes all the order the board are authorized to make for such levy.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

REVERSED AND REMANDED *(with directions).*

*Wallace Pratt, I. P. Dana* and *W. J. Orr* for appellant.

(1) We contend that the taxes levied for school purposes in excess of forty cents on the $100 valuation, where the certificates of the district clerks fail to show that such excess was voted by the taxpayers, are illegal. (2) We contend that whether sections 9757 and 9758 authorize the levy of the sinking and interest fund taxes without a vote of the taxpayers or not, such taxes can not be levied by the county court where the certificates of the district clerks fail to show that such levies were ordered by the school boards or the taxpayers. (3) We contend that sections 9757 and 9758 simply authorize the school boards to make the estimates for these sinking and interest fund taxes, and that such estimates must be adopted by a vote of the taxpayers, as a prerequisite to a valid levy of such taxes. (4) If sections 9757 and 9758 authorize this levy to be made without a vote of the taxpayers, they are in conflict with article 10, sections 11 and 12 of the Constitution, which require all school taxes in excess of forty cents on the $100 valuation to be voted. (5) None of the certificates made by the district clerks show a vote of the people, authorizing the sinking and interest fund taxes. And the blanks furnished do not contemplate such vote. And hence all such taxes are illegal. (6) If these taxes may be levied on the estimate of the school boards without a vote, then such certificates as fail to show an order of the boards are insufficient.

*A. H. Livingston* for respondent.

(1) My first contention is, that on the facts alleged and proven, injunction will not lie. That the petition does not state facts sufficient to constitute a cause of action. In no view of the case do the facts stated call for equitable relief.

The only question raised by the petition and the proof is, that the estimates returned by the districts to the county clerk are irregular and that he had no power to extend the taxes thereon. There is no allegation or proof that the county court failed to properly levy the taxes, or that the proposition to levy the several taxes by the school district, had not in fact been submitted and authorized by proper vote. The whole contention goes simply to an irregularity, and not to a matter of substance. Railroad v. Gracy, 126 Mo. 472; High on Injunction (3 Ed.), secs. 485, 486, 487, 488; Bank v. Staats, 155 Mo. 55. The result of all the authority is, that injunction to restrain the levy or collection of taxes will lie only in cases where the tax is not authorized by law, or where the property is not subject to taxation. High on Injunction (3 Ed.), secs. 488, 489; Sayree v. Tomkins, 23 Mo. 443; Barrow v. Davis, 46 Mo. 394; Valley v. Zeigler, 84 Mo. 214; Overall v. Ruengi, 67 Mo. 203; Arnold v. Hawkins, 95 Mo. 569. (2) This is an equitable action, and instructions are not necessary, and if given, or refused, they will not be reviewed by this court. Hence, appellant's points, authorities, and arguments on refused instructions are a waste of time and labor. Hunter v. Miller, 36 Mo. 143; Freeman v. Wilkerson, 50 Mo. 554; Brandon v. Dawson, 63 Mo. 359. (3) The only contention is that the certificates of the school clerks to the county clerk are not sufficient in form to authorize him to extend the taxes against appellant's property, and that the taxes so levied are invalid, and not collectible. This contention is without support. The proposition has been directly decided against appellant by this court. If the certificates are informal, it is only an irregularity, not going to the substance of the tax. Railroad v. Gracy, 126 Mo. 472; State ex rel. v. Railroad, 135 Mo. 618.

BRACE, P. J.—This is a suit in equity to enjoin the collector of Howell county from collecting certain school taxes for the year 1897, alleged to be excessive and unauthorized by law.

By article 10, section 11, of the Constitution, it is provided: "For school purposes in districts, the annual rate on property shall not exceed forty cents on the one hundred dollars valuation: *Provided,* the aforesaid annual rates for school purposes may be increased, in districts formed of cities and towns, to an amount not to exceed one dollar on the hundred dollars valuation, and in other districts to an amount not to exceed sixty-five cents on the hundred dollars valuation, on the condition that a majority of the voters who are taxpayers, voting at an election held to decide the question, vote for said increase." And by statute (sec. 9750, R. S. 1899) it is provided as follows: The qualified voters at the annual meeting shall have power "to determine the rate, if any, in excess of forty cents on the one hundred dollars valuation to be levied for school purposes, as provided for in section 9777." [R. S. 1889, sec. 7979.]

"Sec. 9757. Boards of education are hereby authorized to make an estimate for the levy of a tax, not to exceed two-fifths of one per cent upon all the taxable property of the school district at its assessed valuation, said tax to be levied and collected in the same manner as other taxes for school purposes; and the money arising from said tax shall constitute a sinking fund, and shall be used only for the redemption of any outstanding bonds of such districts: *Provided,* that if such outstanding bonds can not be obtained, then such money shall be invested in United States bonds or bonds of the State of Missouri, or if at any time the board of education deem it advisable, they may loan such money at the same rate of interest, and in the same manner and subject to the same re-

strictions as to security, as the township school funds are loaned, until such time as said outstanding bonds can be obtained." [R. S. 1889, sec. 7986.]

"Sec. 9758. Boards of education are hereby authorized to make an estimate for the levy of a tax upon all the taxable property of the school district at its assessed valuation, said tax to be levied and collected as other taxes for school purposes —said tax to be sufficient in amount to pay the annual interest on all bonds of their respective districts, and to pay for the printing or engraving of any bonds that may be issued by virtue of this chapter." [R. S. 1889, sec. 7987.]

"Sec. 9771. The school board of each district shall, on or before the fifteenth day of May of each year, forward to the county clerk an estimate of the amount of funds necessary to sustain the schools of their district for the time required by law, or, when a longer term has been ordered by the annual meeting, for the time thus decided upon, together with such other amounts for purchasing site, erecting buildings or meeting bonded indebtedness and interest on same, as may have been legally ordered in such estimate, stating clearly the amount deemed necessary for each fund, and the rate required to raise said amount." [R. S. 1889, sec. 8000.]

"Sec. 9777. Whenever it shall become necessary, in the judgment of the board of directors of any school district, or boards of trustees or boards of education of any city, town or village in this State, to increase the annual rate of taxation for school purposes, or when any five resident taxpayers of such district shall petition such board, in writing, that they desire an increase in the rate of taxation, such board shall determine the rate of taxation necessary to be levied in such district within the maximum rates prescribed by the Constitution for such purposes, and shall submit to the voters of said city, town, village or other school district, who are taxpayers of such

city, town, village or other school district, at an election to be by such board called and held for that purpose, at the usual place of holding elections for members of such board, whether the rate of taxation shall be increased as proposed by said board, due notice having been given as required by section 9779; and if a majority of the voters who are taxpayers voting at such election shall vote in favor of such increase, the result of such vote, and the rate of taxation so voted in such district shall be certified by the clerk or secretary of such board or district to the clerk of the county court of the proper county, who shall, on the receipt thereof, proceed to assess and carry out the amount so returned on the tax book on all the taxable property, real and personal, of such city, town or village, or other school district, as shown by the last annual assessment for state and county purposes, including all statements of merchants provided by law." [R. S. 1889, sec. 8005.]

(1) These provisions contain the law by which this controversy is to be determined; in which, we have to do only with "other districts" mentioned in the Constitution, in which the annual rates for school purposes may be increased to sixty-five cents. There are one hundred and five districts in Howell county; in four of these the annual rate levied exceeded *sixty-five* cents, and in three others the rate exceeded *forty cents*. The court granted the relief prayed for. The plaintiff contends that in nineteen other districts, it appears from the certified estimates filed in the office of the county clerk in pursuance of sections 9771 and 9777, given in evidence on the trial, and on which the taxes were assessed and levied on the plaintiff's property, that the annual rate was increased beyond forty cents, without any vote of the taxpayers, authorizing such increase. We have examined these certificates and find that the plaintiff's contention is correct as to fourteen of these districts, in which the rate was increased as follows:

District 2, township 23, range .7, to 45 cents.
District 3, township 24, range 7, to 55 cents.
District 4, township 24, range 7, to 65 cents.
District 1, township 27, range 7, to 42 cents.
District 2, township 27, range 7, to 50 cents.
District 4, township 27, range 7, to 55 cents.
District 3, township 23, range 8, to 50 cents.
District 2, township 25, range 8, to 65 cents.
District 4, township 26, range 8, to 65 cents.
District 2, township 22, range 9, to 55 cents.
District 3, township 25, range 9, to 55 cents.
District 3, township 27, range 9, to 65 cents.
District 4, township 27, range 9, to 65 cents.
District 7, township 22, range 10, to 50 cents.

The estimates which the school boards are required to forward to the county clerk by section 9771, certified by the district clerk, in case of an increase, by vote of the taxpayers of the annual rate, beyond forty cents, as required by section 9777, are the only authority given by law to the county clerk to "assess and carry out" such increase as a tax on the property of the citizen. Without such authority he had no power to thus levy such increase as a tax upon defendant's property as was done in the districts mentioned. To that extent these school taxes were excessive, without authority of law, and void, and the defendant should have been relieved to the extent of such excess.

(2)   The defendant further contends that as in the certified estimates of twenty-four of the districts it does not appear that the "sinking fund tax" and the "interest fund tax" were authorized by a vote of the taxpayers, the court erred in refusing to hold these taxes void. Sections 9757 and 9758, which authorize the boards of education to make estimates for the levy of these taxes do not require that such taxes should

be sanctioned by a vote of the taxpayers. The provision in these sections that such taxes are "to be levied and collected in the same manner as other taxes for school purposes" is not to be construed as a limitation upon the *power*, but simply as prescribing a *mode* by which the *power* is to be exercised. Nor does such a construction render these sections obnoxious to the provisions of article 10, section 11, of the Constitution, which is there dealing with "annual rates for school purposes," and not with an existing indebtedness, nor with a tax to be levied to raise funds for the payment of such indebtedness or the interest thereon.

It is further objected to these estimates that it is not expressly recited therein as provided in the blank, that a levy of these taxes was authorized by order of the board. This objection is not only purely technical, but is untenable. The statute does not vest in the boards of education the power to order the levy of these taxes. All that is required of them is to make an estimate for such levy, which, when forwarded to the clerk as provided in section 9771, constitutes all the order they are empowered to make for such levy. These estimates, properly authenticated by the district clerk, were so forwarded and filed, and furnished a sufficient basis for the levy of these taxes. The only error we find in the record is the refusal of the court to relieve the defendant from the payment of the taxes in excess of forty cents on the one hundred dollars, as stated in the first paragraph of this opinion, for which error the judgment of the circuit court will be reversed and the cause remanded with directions to modify its decree, so as to conform to the views expressed in that paragraph of this opinion.

All concur, except *Marshall, J.*, absent.