## SPENCE, Appellant, v. RENFRO.

### Division Two, February 1, 1904.

1. **Estoppel:** INDUCEMENT: IGNORANCE.  If a person induce another to purchase land, he will not thereafter be permitted to assert title thereto in himself, even though he was ignorant of his rights when he held out the inducement.

2. ———: TAX TITLE: OWNER BIDDING AT SALE TO ANOTHER.  Where the record owner of land, who was not made a party to the tax suit, at the sale under execution and levy, bid upon the land himself, without announcing or in anywise making it known that he was the owner, he will thereby be estopped from afterwards claiming the land as against a purchaser at such sale. The mere fact that the records showed title in him did not justify him in entering into competition with others, and thereby mislead them, but by participating in the bidding he estopped himself from claiming title thereafter as against them.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*L. D. Grove, Phillips & Phillips* for appellant.

There can be no controversy over the point that if plaintiff had remained passive at the sale of his property for back taxes, and had stood silently by and seen it sold as the property of another, he would not have been estopped from setting up his title to the same thereafter. By the testimony of Renfro, the defendant, Spence was a bidder at the sale, the next highest bidder to himself. Now the question arises, did the action of Spence, in bidding for the land, induce Renfro to buy this land, and was such bidding by Spence done with

the intention that Renfro should act upon it, thus running up the price to the advantage of Spence? Clearly not. Renfro further testifies that, "After my purchase Mr. Spence came to me and said, 'You have no title; I own the land and am not a party to the tax suit; I just let it sell to buy in and beat the taxes.'" Thus showing that Spence's intention at the time of the sale was to buy his land in again, and not to let it sell. There could be no benefit to Spence by the sale of his land. There is no contention as to Spence's deed being of record, and the further fact that W. I. Hooper and the Poplar Bluff Lumber & Manufacturing Company had no right, title or interest in the lands at the time it was alleged to have been assessed to them. Renfro, in the eyes of the law, went into the sale of this land with notice of the title being in Spence, and hence, under the decisions in this State and other States, Spence was under no duty to cry aloud his title to the lands. He had given the only notice that was necessary when he put his deed of record. Hence, as no element of estoppel has been proved, or should have been allowed to have been proved, plaintiff's motion to strike out part of defendant's answer should have been sustained, and the cloud on plaintiff's title have been removed by making the injunction perpetual.

*T. J. Murray* for respondent.

While the owner of the record title may stand by and see his land sold as the land of another to one who is ignorant of his title, and not be estopped, yet, if in addition to remaining silent as to his own title, he enters the list of bidders and by his conduct as a bidder misleads the purchaser into the belief that the defendants in the execution are the owners of the land, he will be estopped from asserting title against such purchaser. Olden v. Hendrick, 100 Mo. 533; Rice v. Bunce, Admr., 49 Mo. 231.

BURGESS, J.—In 1898, John N. Lacks, collector of the revenue of Butler county, instituted suit in .the circuit court of that county, to enforce the State's lien for taxes on the lands described in the petition which was filed in this cause, for the years 1894 and 1895. The Poplar Bluff Lumber & Manufacturing Company and W. I. Hooper were made parties defendant, and at the May term of said court, 1899, judgment was obtained, upon which a special execution was duly issued and the land levied upon and advertised for sale, and on the 5th day of October, 1899, all of said lands were sold to the defendant for the sum of $57, he being the highest bidder at said sale. At the time of the institution of the suit for delinquent taxes the defendant thereto had no title to said land, but plaintiff was the owner of the record title, having acquired the title by deed from Ben F. Turner and wife, on the 8th day of July, 1895, which deed was duly recorded in the recorder's office of said county on the 8th day of May, 1897, but he was not made a party to said suit. He was present, however, at the sale of the land and was next to the highest bidder therefor, but gave no intimation that he owned it, or claimed title to it.

A short time after said sheriff's sale plaintiff began this suit for the purpose of having it adjudged and decreed that the sheriff's deed to defendant passed no title, and for an injunction prohibiting him from placing it upon record and thereby creating a cloud upon plaintiff's title.

Defendant answered, in which it is alleged that the plaintiff well knew that the taxes herein referred to were due and unpaid and that judgment had been rendered in the circuit court for said taxes, and that the sheriff had advertised said lands for sale under the special execution aforesaid, and the plaintiff well knowing that the taxes were just, due and unpaid, negligently permitted said land to be offered for sale, without offering to pay said taxes. For a further defense the defend-

ant says that at said sale the plaintiff was present and a bidder; that he made a number of bids on said land, being the next highest bidder to this defendant; plaintiff made no claim of title to said land until after it had been sold by the sheriff to this defendant, when the plaintiff, for the first time, informed this defendant that the defendants in the tax suit had no title to the land; that he, the plaintiff, owned the land and had let it go to sale expecting to buy it in for less than the taxes. Defendant says that by the plaintiff's conduct in bidding on said land this defendant was led to believe that the plaintiff regarded the defendants in the tax suits as the owner of the land; defendant bought said land, believing that the defendants in the tax suit owned the land, and without any knowledge until after said sale that the plaintiff made any claim to said land. Defendant says that by reason of the conduct of the plaintiff at said sale as a bidder, and his failure to disclose his claim of title, this defendant was misled and deceived into buying said land, and the plaintiff should be estopped from asserting or claiming title as against this defendant; wherefore, defendant prays that plaintiff's petition be dismissed.

Upon a trial had, judgment was rendered for defendant dismissing plaintiff's petition, and against him for costs. He appeals.

The evidence was substantially as follows:

Plaintiff knew before the sale that the taxes on this land were delinquent, and that the collector had instituted suit to enforce the State's lien. He testified as follows: "I never had any conversation with Mr. Renfro about who owned the lands until after the lands were stricken off to him." "I never offered to pay the taxes."

Defendant Renfro testified as follows: "I was present at the sale of the lands mentioned in plaintiff's petition, and bid on the same; being the highest bidder the lands were stricken off to me by the sheriff making the sale. At the time of the sale the plaintiff was also

present and bid against me on said lands, he being the next highest bidder to me. During the bidding the plaintiff made no announcement that he had any interest in the lands, nor did he indicate in any way that he claimed any interest in the lands. After my purchase, however, he came to me, and said, 'You have got no title. I own the land and I am not a party to the suit; I just let it sell to buy it in and beat the taxes.' I did not know that any one claimed any interest in the lands except the defendants in the execution. I was principally encouraged to bid by the brisk bidding of the plaintiff, and relied most confidentially upon his judgment, knowing that he had some experience as a real estate man and that he owned and had access to a set of abstract books. I was deceived by the plaintiff's bidding not knowing that he had claimed an interest. If he had disclosed it I should not have bid at all.''

Joseph Berner testified: ''I was present at the sale of those lands and heard the plaintiff and defendant both bidding on the land; did not hear Spence say he owned the land until after the sale; he then said he was bidding on it to get it for less than the taxes; that he thought he could buy it in for a less amount than the taxes.''

It is insisted by plaintiff that although he was present and bid on the property at the sale, and entered into the competition without in any way indicating that he owned the land or had any interest in it, as his deed was of record he is not estopped by his action in now setting up claim to it.

''The important and primary ground of estoppel by matter *in pais*, is that it would be fraud in a party to assert what his previous conduct had denied, when on the faith of that denial others have acted.'' [Rice v. Bunce, 49 Mo. 321; Campbell v. Johnson, 44 Mo. 247; Chouteau v. Goddin, 39 Mo. 229; Taylor v. Zepp, 14 Mo. 482; Newman v. Hook, 37 Mo. 207.]

The element of fraud, though essential in order to

amount to an estoppel, may result from the acts and conduct of a person as to whom invoked—although no actual fraud was in fact intended by him.    It has been said, if a person induce another to purchase property, he will not thereafter be permitted to assert title thereto in himself, even though he was ignorant of his rights when he held out the inducement, for although there may have been the absence of a fraudulent intent,- the assertion of title to the property would operate as a fraud upon the purchaser, and be just as hurtful to him as if the fraudulent intent had in fact existed.    In some cases a person will even be estopped by his silence from claiming property afterwards.    But if no injury has resulted to any person by his silence or conduct the doctrine of estoppel will not apply.    So if the facts be known by both parties, or if they have equal means of ascertaining them, there can be no estoppel.    "And it has been ruled that silence does not estop when the party's deed is on record.    But it should not be forgotten that there is a wide difference between silence and encouragement.    A person whose deed is on record might be permitted to remain silent, but if his land is put up for sale, and without any notification he enters the list of bidders and induces or encourages others to bid and expend their money in its purchase, he ought not to be allowed to set up anything to the detriment of those who have been guided in their action by his conduct."    [Rice v. Bunce, supra.]

As plaintiff's deed was upon record which disclosed his title, he had the right to remain silent, although he was present at the time the land was sold, had he chosen to so do and done nothing to mislead other bidders.    But the mere fact that the title was of record did not justify him to enter into competition with other bidders, and thereby mislead them, and especially the defendant, as the evidence clearly shows was the case.    By concurring in the sale by participating in it he made it his own act. [2 Herman on Estoppel, sec. 964; Olden v. Hendrick,

100 Mo. 533.]   In the case last cited there is quoted with approval from Faxton v. Faxton, 28 Mich. 159, the following:

"There is no rule more necessary to enforce good faith than that which compels a person to abstain from asserting claims which he has induced others to suppose he would not rely on. The rule does not rest on the assumption that he has obtained any personal gain or advantage, but on the fact that he has induced others to act in such a manner that they will be seriously prejudiced if he is allowed to fail in carrying out what he has encouraged them to expect."

The evidence clearly shows that defendant was induced to bid on and buy the land by reason of plaintiff's entering into the competition and bidding upon it at the sale, and that he would not have done so but for his acts in so doing.   In fact there was no evidence to the contrary, and to now permit plaintiff to assert title to it would be a fraud upon defendant which the law will not permit.   He ought to have remained silent, or made it known at the sale that he claimed the land, but having failed to do so, and entered into the competition, and thereby induced defendant to believe that he did not own or claim it, he should now be estopped by his acts from asserting title thereto.

For these intimations the judgment should be affirmed.   It is so ordered.

All of this Division concur.