JOHN McALISTER, Appellant, v. T. L. GRAHAM, Respondent.

Kansas City Court of Appeals, Nov. 11, 1918.

1. **MANDATORY INJUNCTION: Tenant: Possession: Estoppel.** A plaintiff finding a tenant in possession of land asked him if he intended occupying it the following year; that if not, he, plaintiff, would rent it from the owner. The tenant assured him he did not and that plaintiff should rent it and in the meantime might

bring his farming implements and other property onto the premises. Plaintiff then rented the land of the owner and informed the tenant who stated it was alright. Plaintiff then brought his farming implements on the place and refrained from renting any other land, until it was too late for that season. The tenant then informed him that he (the tenant) would not allow him to come into possession and would keep the farm himself. Plaintiff was then without a home for himself or a place for his live stock and farm property. It was *held* that a mandatory injunction would lie forbidding the tenant from keeping plaintiff out of possession.

2. **INJUNCTION: Status Quo: Modern Cases: Changed Status.** While a mendatory injunction cannot be allowed to take the place of an action in ejectment, yet the modern cases have established the rule that the *status quo* which will be preserved by injunction is the last actual and uncontested *status* which precedes the controversy and equity will not permit a wrongdoer to shelter himself behind a suddenly changed *status*.

3. ————: **Incomplete Legal Remedy: Equity.** Though one may have a legal remedy, if it is not adequate or complete, it will not prevent his application to equity by injunction.

4. **MOTION FOR NEW TRIAL: Appeal.** Where a motion to dissolve an injunction for the reason that the bill does not state a case for relief, is sustained, it amounts to a general demurrer and a motion for new trial is not necessary to plaintiffs' right to present the question in the appellate court.

Appeal from Grundy Circuit Court.—*Hon. G. W. Wanamaker,* Judge.

REVERSED AND REMANDED.

*S. W. Brandon* for appellant.

*George Hall* for respondent.

ELLISON, P. J.—This a proceeding for a mandatory injunction. A temporary writ was granted. Afterwards the cause came on for hearing when defendant filed a motion to dissolve the temporary writ and dismiss the bill on the ground that on the face of the bill no cause of action was stated and no ground for relief averred. The trial court sustained the motion and plaintiff comes here for relief.

The record shows that defendant filed an answer in which various matters were set up, but as the case was disposed of on the motion of defendant, without the hearing of evidence, we have only to examine the petition to ascertain whether it states facts entitling him to the injunction he seeks.

It is alleged therein that defendant had leased a certain described farm from A. R. Canady from March, 1917, to March, 1918, and that he was in possession under the lease. That in the Fall of 1917, plaintiff contemplated leasing the same land for one year from March, 1918, but before doing so he, in October, 1917, inquired of defendant whether he (defendant) wanted to continue to hold the land telling him that if he did not, he (plaintiff) intended to lease it. Whereupon defendant assured plaintiff he did not desire the land longer than the then following March, 1918, and for plaintiff to go ahead and lease it and that he might bring his machinery and farming implements at any time before the first of March if he desired. That relying on these representations and assurances plaintiff rented the land and then informed defendant that he had. Defendant again assured him it was all right and to bring "his machinery and any other stuff he wanted to bring" at any time; that he (defendant) would give up possession on the first of March. Thereafter, in reliance on these assurances, plaintiff moved a lot of his farming implements onto the premises. That in consequence of these representations and assurances of defendant plaintiff refrained from renting the farm on which he was then living, or any other, until it was too late to do so. But that afterwards, in February, after plaintiff had partly moved his implements and other property onto the premises, defendant, in violation of his former assurances informed plaintiff that he intended to keep the premises and would not give them up. That defendant then threatened and still persists in his determination not to permit plaintiff to complete his entry into possession.

It is then averred in the petition that plaintiff is compelled to remove from the premises he now occupies; that he has live stock, grain and farm property, including household goods, that have to be cared for and protected. That he has no place to go to unless defendant be restrained from carrying out his threat. That he will be irreparably damaged and that the law will not afford him an adequate remedy. He therefore prayed that defendant be restrained from keeping plaintiff out of possession and use of the premises, and from interfering with plaintiff's property brought upon the premises in the manner stated.

We think it clear that the petition stated a case entitling him to the relief asked. In the circumstances alleged and described in the petition there is no adequate legal remedy. There is no doubt, as expressed in Horn v. Cole, 51 N. H. 287, that if one's "representations are such, and made in such circumstances, that all persons interested in the subject have a right to rely on them as true, their truth cannot be denied against any one who has trusted in them and acted on them." This proposition is well supported by the adjudications in this State. [Reynolds v. Kroff, 144 Mo. 433, 447; Spence v. Renfro, 179 Mo. 417, 421; Williams v. Verity, 98 Mo. App. 661.]

It is quite true that an injunction should not be allowed to take the place of the legal action of ejectment, yet it is recognized that that may be the effect. [Fredericks v. Huber, 180 Pa. St. 572.] "The modern cases," says the court, "have established the rule that the *status quo* which will be preserved by preliminary injunction is the last actual, peacable, uncontested status which preceded the pending controversy, and equity will not permit a wrongdoer to shelter himself behind a suddenly or secretly changed status, though he succeeded in making the change before the Chancellor's hand actually reached him." Approval of this quotation is found in 2 Beach on Injunctions, secs. 1249 and 1392. In the latter it is said: "In support of the modern view before noticed that a mandatory remedial

injunction should be granted in a proper case as readily as in a preventive one; and as a further illustration of the plasticity of the injunctive process, when required to be used in a new and unfamiliar environment;''. is the case of Sproat v. Durland, 2 Oklahoma, 24, 43, 44. What we have said is in harmony with a discussion and illustrations of the subject found in 1 Beach on Injunctions, secs. 97-104.

It is not necessary to the exercise of equitable relief that a plaintiff should not have *any* remedy at law, if such remedy is inadequate, or incomplete he may resort to equity. [Hubbard v. Slavens, 218 Mo. 598, 619; Sec. 2534, R. S. 1909.] ''A concrete case is presented whenever a right of the plaintiff is threatened and the damage would be irreparable, and where the protection of that right belongs to the class of cases that are cognizable in equity.'' [Schubach v. McDonald, 179 Mo. 163, 194.] In this connection we must accept as true the allegations that plaintiff will be left without a habitation for himself and that his live stock will have no place of lodgement and his farm implements will have no place of storage.

It is claimed that plaintiff did not preserve his right to question the judgment of the trial court by filing a motion for new trial. Defendant's motion to dissolve and dismiss was nothing less than a general demurrer and on being sustained disposed of the whole case on the record. No motion for new trial was necessary. [State ex rel. v. Ellison, 266 Mo. 423; Shohoney v. Railroad, 231 Mo. 131; 149; South W. Nat. Bk. v. McDermand, 187 S. W. 121; Butterfield v. Butterfield, 187 S. W. 295; Gitt v. Farmers' Bank, 195 S. W. 538; City of Kirksville v. Gill, 198 S. W. 178.]

We think plaintiff's action was not prematurely brought. We have no doubt but that plaintiff is entitled to a trial on the case made in his petition. The judgment will therefore be reversed and the cause remanded. All concur.