F. P. JACOBS et al., Appellants, v. ROSS B. CAUTHORN et al.

Division Two, March 18, 1922.

1. **SCHOOLS:** **Increasing Tax Levy: Building and Repair Fund.**  The *board of directors of a town school district have the authority, without a petition of ten taxpayers therefor, to submit to the annual meeting a proposition to increase the annual rate of taxation for repairing and furnishing school buildings under Section 11152, Revised Statutes 1919, and such proposition is to be determined by a majority of the votes cast thereon.*

2. ——: ——: ——: **Notice and Ballots.**  Where the notices of *the annual school meeting to be held in April 6, 1920, were given March 13, 1920, and specified the following, among other things, to be considered, namely:  "3.  To vote twenty-five cents Building and Repair Fund;" and the ballots on such question used at the election were in the following form: "To vote twenty-five cents Building and Repair Fund," and "Against twenty-five cents Building and Repair Fund," such notice and ballots sufficiently complied with the law, as it did not appear that any one participating in such meeting was deceived by said notice or confused in the matter of casting an intelligent ballot.*

3. ——: ——: ——: **Limit of Taxation.**  Under Section 11 of *Article 10 of the Constitution, a town school district cannot vote an annual rate for school purposes beyond the limit of one dollar on the one hundred dollars' valuation, and therefore a vote to levy, beyond said limit, an additional tax of twenty-five cents on the one hundred dollars valuation for repairing and furnishing school buildings under Section 11152, Revised Statutes 1919, was illegal and void.*

Jacobs v. Cauthorn.

4. ——: ——: ——: ——: **Pleading: No Constitutional Ques-tion.** A petition in a suit to enjoin the county clerk and school directors from levying and extending a tax for repairing and furnishing school buildings in excess of the limit fixed by the Constitution, charging that such tax was illegal and praying for general relief, but not referring to the Constitution, did not raise a constitutional question within the meaning of the rule that a constitutional question must be raised at the first opportunity, but raised simply a question of law and was sufficient.

5. ——: ——: ——: ——: **Injunction: Inadequate Remedy at Law.** A petition in a suit to enjoin the levying and extending of a tax for school purposes in excess of the constitutional limit is not subject to the objection that plaintiffs had a remedy at law, where the petition challenged the legality of the tax upon general grounds and contained a general prayer for relief against the burdens of an illegal tax, inasmuch as it is not necessary to the exercise of equitable relief that plaintiffs should not have any remedy at law, but only that such remedy be inadequate or incomplete, and when a court of equity once acquires jurisdiction of a case it will retain it to do full and complete justice.

6. **ILLEGAL TAX: Injunction to Restrain.** It is settled in this State that a taxpayer is entitled to maintain a suit in equity to restrain and enjoin an illegal tax which would cast a cloud over his title to land.

7. **EQUITY SUIT: Instructions.** In suits in equity, instructions, including demurrers to the evidence, have no place, and no error can be predicated on the giving or refusing of them by the trial court.

Appeal from Audrain Circuit Court.—*Hon Ernest S. Gantt,* Judge.

REVERSED AND REMANDED (*with directions*).

*Fry & Fry* for appellant.

(1) The $1.25 tax voted being in excess of the constitutional rate is void. Sec. 11, Art. 10, Mo. Constitution; Harrington v. Hopkins, 231 S. W. 263. (2) If sufficient facts are stated to entitle the party to relief, the conclusions of law the pleader may draw, may, if

necessary, be disregarded and the court will grant any relief consistent with the case. Sharkey v. McDearmott, 91 Mo. 657; R. S. 1919, sec. 1531; Brick v. Meyers, 196 Mo. App. 296; State ex rel. v. Drainage District, 269 Mo. 453; Teters v. Tolle, 223 S. W. 885; Spaulding v. Edina, 122 Mo. App. 68. (3) An estimate by the school board to the county clerk is an essential prerequisite to levying the tax. Sec. 11142, R. S. 1919; Railroad v. Chapin, 162 Mo. 409. (4) A tax for building purposes is valid only when voted by two-thirds of the voters. R. S. 1919, sec. 11152.

*R. D. Rogers* and *J. W. Buffington* for respondent.

(1) Plaintiffs showed no grounds for injunctive relief in this case. Secs. 11142, 11153, R. S. 1919; Barrow v. Davis, 46 Mo. 394; McPike v. Pugh, 48 Mo. 525; Hopkins, v. Lovell, 47 Mo. 102; Rush v. Brown, 101 Mo. 586. (2) The constitutional question injected was not timely nor properly raised. Milling Co. v. Blake, 242 Mo. 32; Troeger v. Roberts, 223 S. W. 798; Carlson v. Lafgran, 250 Mo. 527; Johnson v. Elec. Light Co., 232 S. W. 1094; Lavelle v. Life Ins. Co., 231 S. W. 616. (3) The court properly refused plaintiffs' instructions. Lee v. Lee, 258 Mo. 599; Forrester v. Products Co., 231 S. W. 671; Degonia v. Railway, 224 Mo. 564; State ex rel. v. Ellison, 270 Mo. 654.

REEVES, C.—Injunction to restrain the levying and extending of a tax for the building and repair fund of Consolidated School District No. 1 of Audrain County, Missouri, upon the ground that said tax, as voted by the legal voters of the district, is illegal.

Statement.

The petitioners are qualified voters of the district and the defendants were the County Clerk of Audrain County and the directors of said district, six in number. Said district was a consolidation of parts of four other districts and is known to the law as a "town district" (State ex rel. v. Railroad, 263 Mo. 689) as it included

the town of Farber, together with other appropriate contiguous territory.

Plaintiffs were cast below and have duly prosecuted their appeal to this court, complaining that the court erred in refusing to grant the relief prayed for and for dismissing their bill. Other complaints will be noted in the course of the opinion. The petition, after alleging that plaintiffs were resident tax-paying citizens and legal voters of said district, averred that on the 13th day of March, 1920, notices were given of the annual meeting of the qualified voters of said district to be held on the 6th day of April, 1920, and that said notices specified the following, among other things, to be considered:

1. To vote a nine months' school.
2. To vote sixty cents in excess of forty cents tax on $100 valuation as prescribed by law.
3. To vote twenty-five cents building and repair fund.
4. To elect two directors for a term of three years.

That at said meeting a printed ballot was delivered to said voters for their use, which read with respect to the "building and repair fund" as follows: "To vote twenty-five cents Building and Repair fund" and "Against twenty-five cents Building and Repair Fund;" that upon a vote on said proposition ninety-nine votes were cast for it and eighty-four votes against it; that said proposition was not carried by two-thirds of the votes cast by the qualified voters voting at said election; that the clerk of the said school board did not certify, as required by law, the result of such vote and the rate of taxation so voted, but only addressed a letter to the county clerk reciting as follows: "Below is result of Farber Consolidated Dist. No. 1 election held April 6, 1920. Levy voted and carried $1.25 for school purposes on $100 valuation (which consisted of $1 Teacher Fund and 25 cents Building and Repair Fund);" that the board of directors of said district had no legal right or authority to make an estimate for such an assessment, and

that said board had not forwarded to the said county clerk legal estimates, and that without such action said county clerk had no legal right to make such assessment and levy and extend such tax on the property of the district, including the property of the plaintiffs; that there was no legal authority to vote an increase on said school district for a "building and repair fund;" that said 25 cents tax was not legal because not founded upon a petition by at least ten tax paying citizens of said district; that it was illegal because of insufficiency of the notice; that the ballots employed were illegal; that it did not carry by a two-thirds vote of the voters; that the board of directors did not make an estimate as required by law, and that said tax *"has not been legally established."*

It was then averred that the county clerk was about to levy and extend said tax of 25 cents, and that same being illegal, would cast clouds and place liens on the property of plaintiffs, and that the defendants generally were threatening to levy such illegal tax, all to becloud the title *"of the plaintiffs and other property owners in said district and cause a multiplicity of law suits."* There was an appropriate prayer for a restraining order upon the defendants, which prayer concluded as follows: "and for such other and further relief as to the court shall seem meet and just."

The answer was a general denial.

The testimony supported the allegations of the petition except that it appeared that a proper estimate as required by Section 11142, Revised Statutes 1919, had been submitted to the county clerk by the board of directors before May 15th. At the conclusion of the evidence the court dismissed the plaintiffs' bill.

I. As will appear from the foregoing statement the chief complaint of appellants in their bill was directed against the "25 cents building and repair fund," and mainly on account of the manner of authorization. Their

**Building and Repair Fund.** complaint that the proposition should have been supported by a petition of ten taxpayers of the district is not tenable, as Section 11152, Revised Statutes 1919, specifically grants to the board of directors the right, when such board deems it necessary, to submit the question of increase of the annual rate of taxation for repairing and furnishing school buildings, and the same section permits said increase for those purposes upon a vote of a majority of those qualified voters casting their votes on the proposition. The notice of said election and the ballots used sufficiently comply with the law as it does not appear that any one participating in said meeting was deceived by said notice or confused in the matter of casting an intelligent ballot. This contention must be ruled adversely to appellants, and we also hold that the board of directors seasonably submitted its estimate to the county clerk.

II. It was alleged in the bill that said tax had not been legally established and there was a prayer for general relief. Section 11, Article 10, of the Constitution fixes the maximum rate for school purposes. The district in question, as stated, is a "town district," that is to say, composed of a town and contiguous territory and therefore it falls within the provisions of said section **Town School District: Limit on Taxation.** limiting the maximum rate for all purposes to $1 on the $100 valuation, so that it was not within the power of the district to vote an annual rate for school purposes beyond that limit, and the act of the voters in doing so was illegal. [Harrington v. Hopkins, 231 S. W. 263.]

The purpose for which said increase was voted was not to erect a school building, but such increase, as stated in the notice and on the ballots, was for "building and repair fund." If the voters of the district had intended to erect a school building, then it would have been legitimate to vote an increase beyond the maximum fixed by the Constitution, but in such case, both under the Constitution and by statute, it would have been necessary for

a submission of that question to the voters, and an authorization by two-thirds of the qualified voters present and voting on said proposition. From the bill and the proof in this case we must hold that the increase was only for repairing and furnishing the school building. Therefore the facts here are controlled by the decision of Harrington v. Hopkins et al., supra.

III. It is pointed out by respondents that the above is a constitutional question, and that it was not raised seasonably by the appellants. Undeniably it is the general rule that constitutional questions must be raised at the first opportunity. [Milling Co. v. Blake, 242 Mo. 23, l. c. 32; State ex rel. Franklin County v. Tibbe Electric Co., 250 Mo. 522, l. c. 527; Lavelle v. Met. Life Ins. Co., 231 S. W. 616.] However, in this case the petition challenges the legality of the tax, and prays the court for general relief therefrom. In support of their contention that said tax was illegal, they point to the constitutional provision which limits the rate of taxation in districts of the kind in question to $1 for each $100 valuation, and both from the bill and from the proof it appears that the rate voted at the annual meeting of the voters in this district was in excess of that amount, aggregating $1.25 for each $100 valuation. This rate was therefore illegal, and it is not the invocation of a constitutional question to uphold its illegality. This is a bill in equity, and upon the challenge to the legality of the tax, we look to the Constitution and statutes of the State. It is not a constitutional question, but obviously a simple matter of law.

Constitutional Question.

IV. It is further contended by respondents that the bill is insufficient to support a decree restraining the imposition of said tax and that appellants had their remedy at law. It is true that the petition in this case follows narrow limits and a rather restricted course and is directed generally, as above stated, to the *manner* by which said tax was

Illegal Tax: Injunction.

authorized and not to its legality, but an analysis of the bill shows that the petitioners challenged the legality of the tax upon general grounds and then appended a general prayer for relief against the burdens of an illegal tax. This was sufficient. [State ex rel. v. Drainage District, 269 Mo. 444, l. c. 454; Thompson v. Lindsay, 242 Mo. 53, 145 S. W. 472.]

It is not necessary to the exercise of equitable relief that plaintiffs should not have any remedy at law, but only that such remedy be inadequate or incomplete (McAlister v. Graham, 200 Mo. App. 279, 206 S. W. 393; Pocoke v. Peterson, 256 Mo. 501, 165 S. W. 1017); and when a court of equity once acquires jurisdiction of a case, it will retain it to do full and complete justice. [Supreme Lodge K. of P. v. Dalzell, 205 Mo. App. 207, 223 S. W. 786; Waddle v. Frazier, 245 Mo. 391, 151 S. W. 87; School Dist. v. Holt, 226 Mo. 406, 126 S. W. 462.]

V. It is also urged by respondents that the bill in a way commits *felo de se* in this: that it charges that said tax was illegal and void, and that therefore it destroys itself as a bill in equity, for no equitable rights appear under such circumstances, and we are cited to the following cases as upholding that contention: Barrow v. Davis, 46 Mo. 394; McPike v. Pew, 48 Mo. 525; Hopkins v. Lovell, 47 Mo. 102. Undoubtedly the cases above mentioned so decided; the case of Barrow v. Davis, was decided at the August, term, 1870, of this court; the case of Hopkins v. Lovell, was decided at the October term, 1870, and the case of McPike v. Pew, was decided at the October term, 1871. These cases have not been specifically overruled by this court, but they have not been followed.

In the case of Overall v. Ruenzi, 67 Mo. 203, decided at the October term, 1877, of this court, it was said: "In regard to the propriety of an injunction on the facts stated, various authorities cited on either side have been examined, but we deem it necessary only to state the conclusions we have reached without any review of the cases.

It would be difficult, if not impossible, to reconcile the authorities, either here or elsewhere. But it is quite apparent that of late years, whether by reason of our statute in regard to injunctions first introduced in the Revised Code of 1865, or upon general grounds of expediency, this court has been disposed to regard with favor proceedings which are preventive in their character, rather than compel the injured party to seek redress after the damage is accomplished. We see no objection, therefore, to the mode adopted in this case to test the validity of the tax." The action in the Overall Case was by injunction, as is this case, to test the validity of a tax, and the cases cited by respondents were urged in that case and the foregoing excerpt from the opinion was the answer.

In the case of Ranney v. Bader, 67 Mo. 476, determined at the April term, 1878, of this court, it was pointed out that an injunction was the taxpayer's remedy, and to the same effect in the following cases and authorities: Valle v. Ziegler, 84 Mo. 214; State v. Saline County, 51 Mo. 350; Newmeyer v. Railroad Co., 52 Mo. 81; Rubey v. Shain, 54 Mo. 207; Ewing v. Board of Education, 72 Mo. 436; Arnold v. Hawkins, 95 Mo. 569; Perryman v: Bethune, 89 Mo. 158; Winkler v. Halstead, 36 Mo. App. 25; 35 Cyc. 1050; 22 Cyc. 883.

In the later case of K. C. Ft. S. & Memphis Ry. Co. v. Chapin, 162 Mo. 409, the same cases relied upon by respondents were cited and urged, but the court decided that case upon the theory that injunction was proper and granted relief to the petitioners.

VI. There is no merit in the contention of appellants that the court should have given their instructions. "The unbending rule of practice is that instructions fill no office at all in an equity case; hence, for appellate purposes, error cannot be predicated or assigned upon the giving or refusing of them.

**Equity Suit: Instructions.**

In chancery the question is, not what the chancellor instructed himself to do, or how he talked the

matter over with himself.  The question is:  Did he seek equity and do it?''  [Lee v. Lee, 258 Mo. 599.]

Respondents, however, invited the first mistake along this line, for at the close of the evidence on the part of the petitioners, they offered a demurrer.  "What is true of instructions in general in equity is true of demurrers to the evidence in equity.  They amount to the same thing, to-wit, nothing."  [Lee v. Lee, supra, l. c. 605;  Troll v. Spencer, 238 Mo. 81, l. c. 93.]

It follows from what has been said that the tax in question was about to be illegally levied and the pleadings and the proof warranting the decree, we reverse and remand the case with directions to the court *nisi* to set aside its order dismissing plaintiffs' bill and to enter an appropriate decree restraining the defendants and each of them from further procedure in the matter of said tax, as prayed in the bill, and it is so ordered.  *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion by REEVES, C., is adopted as the opinion of the court.  All of the judges concur.